S & G, INC., a corporation, Plaintiff and Appellant,

v.

Robert L. MORGAN, State Engineer of the State of Utah, Defendant and Appellee.

No. 860555.

Supreme Court of Utah.

May 1, 1990.

---

Ken Chamberlain, Kay McIff, Richfield, for plaintiff and appellant.

R. Paul Van Dam, Dallin W. Jensen, Michael M. Quealy, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

S & G, Inc., owned 228 acres of land in Millard County, Utah, with the right to divert and use for irrigation purposes five cubic feet per second of water from a well from April to October each year. The certificate of appropriation entitled S & G "to use only sufficient water ... to constitute an economic duty without waste." Continuous use of the water right twenty-four hours per day would yield approximately 9.39 acre feet per acre, or approximately 2,140 acre feet each season. In 1981, S & G sold its entire water right to the Intermountain Power Agency (the IPA). The IPA intended to change the use of as much water as the state engineer would approve to municipal use for Delta City. The contract provided that the IPA would pay S & G $1,750 per acre foot up to 521 acre feet and $875 for each acre foot in excess of 521 acre feet which the state engineer would approve for municipal use. The contract contemplated appellate review before the ultimate amount of water approved for municipal use would be deemed a final determination by the parties.

In October 1982, the IPA filed its application to the state engineer to change the point of diversion, place, and nature of use of the water. As required by statute, notice of the proposed change was published in the local newspaper. The application was protested by some forty-five persons who claimed the change would impair their existing water rights in the Delta area. The state engineer held a hearing on the application on May 4, 1983, and all interested parties were given an opportunity to present evidence regarding the IPA's proposed change. The IPA, which appeared at the hearing, asserted in its application that "[t]he flow of water which has been or was to have been used in second-feet is 5.0" and requested that all of it (9.39 acre feet per acre) be changed. The state engineer used the historical irrigation diversion requirement of 4 acre feet per acre as a base measure and then reduced that by 15 percent to compensate for the increase in consumptive use. He approved the change for 3.4 acre feet per acre, or a total of 775.2 acre feet. S & G did not participate in the administrative proceedings, even though it now claims that the amount of water it put to beneficial use was more than the historical diversion requirement of 4 acre feet per acre.

The IPA did not appeal the decision of the state engineer, although the amount of water approved for change was less than anticipated by S & G and the IPA. S & G, however, sought judicial review in the district court, contending that substantial economic rights were affected by the administrative decision, making S & G a "person aggrieved" and entitled to judicial review under Utah Code Ann. § 73–3–14 (1980).[1] S & G supports its contention by reference

---

1. Amended by 1987 Utah Laws ch. 161, § 295. Our decision reaches only the prior statute.

to its contract with the IPA which contemplated judicial review of the state engineer's decision.

The district court entered summary judgment against S & G on the basis that its economic interest "was collateral to the issues in [the administrative] proceeding and such interest was not within the 'Zone of Interest' contemplated as being a basis for appeal from the decision of the State Engineer." We do not reach the issue of whether S & G's economic interest was within the zone of interest contemplated by section 73–3–3. We affirm the summary judgment on the narrow ground that in this particular case, S & G waived its right to judicial review by failing to participate in the administrative proceedings.

S & G asserts that the contract put the onus on the IPA to present the case to the state engineer and to pursue the matter through the courts. Apparently on the basis of the contractual agreement, S & G, with full knowledge of the economic interest at stake, declined to participate at the administrative level. S & G now complains that the IPA has a conflict of interest— that it is in the IPA's financial interest to allow the state engineer's decision to stand. The possible breach of a private contract is not within the scope of our review of a state engineer's decision, which is limited to "such issues as could have been raised before the engineer." *East Bench Irrigation Co. v. State*, 5 Utah 2d 235, 239, 300 P.2d 603, 606 (1956).

S & G contends that prior to the 1987 amendment, section 73–3–14 did "not impose a requirement of prior participation in the administrative process." The statute authorizes judicial review for "any person aggrieved by [the state engineer's] decision." The district court is to conduct a "plenary review," which "shall proceed as a trial de novo and shall be tried to the court as other equitable actions." Utah Code Ann. § 73–3–15 (1980). "[T]he 'trial de novo' specified in the statute comprehends a trial of all pertinent issues...." *Shields v. Dry Creek Irrigation Co.*, 12 Utah 2d 98, 101, 363 P.2d 82, 84 (1961). S & G therefore contends that any issue may be raised on appeal as though the administrative hearing had never occurred.

This interpretation ignores policy considerations which apply to all administrative decision making. A requirement of participation at agency level "ensures that those who have an interest will bring to the agency's attention all relevant facts and considerations at the time the agency makes its decision. Moreover, the requirement of [participation] gives the agency and the other participants notice of the identity and concern of interested parties." *Colorado Water Quality Control Comm'n v. Town of Frederick*, 641 P.2d 958, 962 (Colo.1982). These observations, although made in the context of a statutory requirement of party status, are applicable to any administrative decision in which interested parties have the right to participate. The requirement of participation as a prerequisite to standing to appeal is a corollary of the doctrine of exhaustion of administrative remedies. It is well settled under this doctrine that persons aggrieved by decisions of administrative agencies "may not, by refusing or neglecting to submit issues of fact to such agencies, by-pass them, and call upon the courts to determine ... matters properly determinable originally by such agencies." *People v. Keith Ry. Equip. Co.*, 70 Cal. App.2d 339, 346, 161 P.2d 244, 249 (Cal. Dist.Ct.App.1945), and citations therein; 2 Am.Jur.2d *Administrative Law* § 608 (1962). Thus, for example, courts have interpreted federal acts which provide appellate review for "any party aggrieved" to require the "presentation of an objection" at the administrative level as "a condition precedent to standing as a 'party aggrieved.'" *See* Annotation, *Bank Holding Company Act*, 36 A.L.R. Fed. 349, 353 (1978). In the same vein, we have required that a petitioner seeking appellate review by way of writ "appear[ ] and present[ ] his or her claims below," thereby giving the lower court "the opportunity to hear and consider those contributions and to rule upon them." *Society of Prof. Journalists, Utah Chapter v. Bullock*, 743 P.2d 1166, 1172 (Utah 1987).

S & G did not participate in the state engineer's hearing and relied upon the IPA

to advance its position. The IPA participated at the hearing. S & G was most competent to testify about the number of acre feet of water it had been putting to beneficial use but chose not to. S & G now claims that this evidence was vital to the state engineer's decision and seeks to introduce it on appeal in complete disregard of the rights of the forty-five participants who timely filed their objections at the administrative level. We hold that S & G lacks standing to appeal because it waived its right to participate at the appellate level by its intentional inaction at the administrative level.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.