**TOOELE COUNTY, a political subdivision, Petitioner,**

v.

**PROPERTY TAX DIVISION OF the UTAH STATE TAX COMMISSION EX REL. NORTH AMERICAN SALT CO., Respondent.**

No. 920515.

Supreme Court of Utah.

June 22, 1994.

Ronald L. Elton, Tooele and Bill Thomas Peters, Salt Lake City, for Tooele County.

R. Paul Van Dam, Atty. Gen. and Kelly W. Wright, Asst. Atty. Gen., Salt Lake City, for Tax Comm'n.

David K. Detton, Salt Lake City, for North American Salt Co.

HOWE, Justice:

Tooele County seeks review of the property tax assessment for the year 1991 made by the Utah State Tax Commission on mining properties owned and used in Tooele County by North American Salt Company.

In the spring of 1991, the Property Tax Division of the Tax Commission, pursuant to article XIII, section 11 of the Constitution of Utah, assessed North American Salt Compa-ny's properties in Tooele County. North American objected to the assessment, but Tooele County, although permitted under Utah Code Ann. § 59-2-1007(1) to object upon a showing of reasonable cause, did not object. Subsequently, on September 2, 1992, the Property Tax Division and North American reached a stipulated assessment. The Tax Commission issued an order to show cause pursuant to section 59-2-1007(1) advising Tooele County of the stipulation and affording it an opportunity to object. Again, it made no objection. In the absence of any response from Tooele County, the Tax Commission issued its order of approval adopting the stipulation. Thereafter, Tooele County filed this petition for review of the order of approval with this court.

We do not reach the merits of the petition for review. We affirm the Commission on the narrow ground that Tooele County waived its right to judicial review by failing to participate in the administrative proceedings before the Tax Commission. Pursuant to Utah Code Ann. § 59-2-201(4), the Tax Commission properly notified North American and Tooele County of the assessed value placed on the properties by the Property Tax Division. At that point, Tooele County had the right, upon a showing of reasonable cause, to object to the assessment and to become a party to a hearing before the Tax Commission. § 59-2-1007(1). When North American and the Property Tax Division thereafter stipulated and agreed to an amended assessment, Tooele County was notified of the stipulation and again given an opportunity to object. That opportunity was afforded through the Commission's order to show cause. Inasmuch as Tooele County failed to object to the original assessment or to respond to the order to show cause, the County waived its right to judicial review by failing to participate in the administrative proceedings.

We base this result on our decision in *S & G, Inc. v. Morgan,* 797 P.2d 1085 (Utah 1990). In that case, we held that S & G, Inc., the owner of a large tract of land with a water right for irrigation, waived its right to judicial review by failing to participate in administrative proceedings before the state

engineer.that affected the water right. S & G had allowed the Intermountain Power Agency, to whom it had sold the water, to file an application with the state engineer to change the point of diversion and the nature of use of the water. The Intermountain Power Agency appeared at a hearing before the state engineer in support of its application, but S & G did not participate in those proceedings. However, after the state engineer issued a decision, S & G sought review by this court. We held that it had waived its right to judicial review, emphasizing that the requirement of participation at agency level " 'ensures that those who have an interest will bring to the agency's attention all relevant facts and considerations at the time the agency makes its decision. Moreover, the requirement of [participation] gives the agency and the other participants notice of the identity and concern of interested parties.' " *Id.* at 1087 (quoting *Colorado Water Quality Control Comm'n v. Town of Frederick,* 641 P.2d 958, 962 (Colo.1982)). We further noted in that case:

> The requirement of participation as a prerequisite to standing to appeal is a corollary of the doctrine of exhaustion of administrative remedies. It is well settled under this doctrine that persons aggrieved by decisions of administrative agencies "may not, by refusing or neglecting to submit issues of fact to such agencies, by-pass them, and call upon the courts to determine ... matters properly determinable originally by such agencies."

*Id.* (quoting *People v. Keith Ry. Equip. Co.,* 70 Cal.App.2d 339, 346, 161 P.2d 244, 249 (Dist.Ct.App.1945)); *cf. Society of Prof. Journalists v. Bullock,* 743 P.2d 1166, 1172 (Utah 1987) (holding that petitioner lacks appellate standing for failure to appear and present claim to lower court).

The petition for review is dismissed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM, J., and RUSSELL W. BENCH, Court of Appeals Judge, concur.

HALL, J., did not participate herein; RUSSELL W. BENCH, Court of Appeals Judge, sat.