STATE of Utah, Plaintiff and Respondent,

v.

Billy Wayne BLACK, Defendant and Appellant.

No. 14211.

Supreme Court of Utah.

June 16, 1976.

William D. Marsh, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The appellant was convicted of and sentenced for the crime of murder in the second degree. He claims errors in four particulars:

A. A juror had worked with the father of a police officer who had fallen from the roof of a building. During the recess, the juror inquired of the officer how his father was progressing.

It is generally considered to be improper for a juror to converse during the trial of a case with a witness unless he is authorized to do so.[1] However, unless there is some showing of prejudice to the defendant, a conviction should be affirmed, notwithstanding the impropriety.[2] This is especially true where the conversation is merely a remark of civility and not related to the case. The trial court afforded counsel for the defendant ample opportunity to examine the jurors but no prejudice was shown.

The court did inquire of the jurors as to whether any of them had any predisposition to give more credence to the testimony of a law enforcement officer than he would to anybody else. One juror disclosed that he knew the Chief of Police twenty years prior but had no contact with

1. *State v. Crank*, 105 Utah 332, 142 P.2d 178 (1943).

2. *State v. Mangrum*, 98 Ariz. 279, 403 P.2d 925 (1965); *People v. Aguirre*, 158 Cal.App. 2d 304, 322 P.2d 478 (1958).

him since that time. The court admonished the prospective juror, cautioning him to be fair and to weigh the evidence. Counsel for defendant was not denied any right to explore any bias but passed the juror for cause. In fact, the Chief of Police only testified to the custody of some keys found in an unlocked door to the defendant's motel room. No factual questions were presented by the two officers, and we can see no error in the ruling of the trial court in denying a motion for a new trial.

B. At the end of the State's case, the defendant undertook to waive the jury and be tried by the court. The court refused to permit the request and the defendant claims error.

There is no constitutional right to be tried without a jury. The right guaranteed by the Constitution of Utah is to be tried by a jury. This right may be waived in some instances.[3] Certainly the court has a discretion not to dismiss the jury in the middle of a trial simply because the defendant may deem it advantageous to his cause.

C. The defendant claims that the prosecutor went beyond the range of permissible comment when he referred to a rag as a dress. This claim seems to be based upon the fact that the article had been received in evidence and the identifying witness referred to it as a dress. It was supposed to be the dress worn by the deceased and was torn from her body before she was shot. The statement made by the prosecutor was as follows:

> I've got a torn dress, I've got a torn bra, I've got a picture of her, and I've got her driver's license.
>
> \*　\*　\*　\*　\*　\*
>
> He had beat her for almost an hour, apparently very violently. All you've got to do is look at the marks and look at the torn dress, which he didn't mention incidentally. According to him she took if off herself.

There is no merit to this claim of error as the "rag" had a zipper and pockets in it. It obviously was a dress which had been torn into several pieces.

D. The defendant claims there was no evidence to justify the conviction. The defendant and decedent lived together in a motel. The decedent worked in a cocktail lounge. The defendant had spent the evening in question drinking beer and playing pool in the lounge.

On the way home a violent argument ensued over the fact that the decedent had danced with a male customer at the lounge. They arrived at their room about 1:15 a.m. A neighbor overheard angry quarreling concerning the incident at the lounge. He heard slapping, hitting, crying, threats by the man to "kill you both," and eventually, gunfire. Barbara, the decedent, was shot in the head with a .22 caliber pistol. Appellant put her in her car and drove her to the hospital where she was pronounced dead on arrival. Two policemen followed appellant to the hospital as he was driving in excess of the speed limit. After the victim was pronounced dead, appellant was placed in custody for questioning. At an opportune moment, however, he slipped out of the hospital and fled the State.

Appellant testified at trial that there had been an argument but that the shooting was accidental. He claims that he was packing, intending to leave and that his pistol was accidentally discharged. He admitted that there was slapping but denied there was any hitting with fists. He also admitted that he tore the brassiere from the body of the deceased.

The medical examiner for the State Department of Health testified that there were numerous bruises over the back, chest, breasts, arms, and shoulders of the deceased; and that the bruises were recent, probably within 24 hours. He also testified that there was a distinct mark on her

---

3. *Singer v. United States*, 380 U.S. 24, 35 S.Ct. 783, 13 L.Ed.2d 630 (1965); 77–27–2, U.C.A. 1953.

back a little over two inches long and said as to the cause of the bruise:

My immediate opinion, that perhaps some sort of belt—some sort of western belt with some kind of rivet—with some sort of protruding decoration.

When the officers questioned the defendant at the hospital, he never mentioned that there had been an accidental shooting. He was unwilling to answer questions put to him about the cause of the death of the victim, but he told the officers that he had been drinking and when he came home he found his "wife" in this condition. Later he told the officer that he went home with his "wife" and then went to a small grocery store to get something to eat and when he returned, he found his "wife" in this condition.

We think the evidence fully justified the verdict rendered. There is no merit to the claims of error, and the judgment is affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT, and MAUGHAN, JJ., concur.