224 P.3d 709 (2009)
2009 UT 86
TAYLOR-WEST WEBER WATER IMPROVEMENT DISTRICT, Plaintiff and Appellee,
v.
Jerry OLDS, State Engineer of the State of Utah; Weber Basin Water Conservancy District; and United States of America Bureau of Reclamation, Defendants and Appellees,
Roy City, Intervenor and Appellant.
No. 20080504.
Supreme Court of Utah.
December 22, 2009.
Mark H. Anderson, Brett B. Rich, Salt Lake City, for plaintiff.
*710 Mark L. Shurtleff, Att'y Gen., Norman K. Johnson, Julie I. Valdes, Asst. Att'ys Gen., Salt Lake City, for defendant Jerry Olds.
Jody L. Williams, Steven J. Vuyovich, Salt Lake City, for defendant Weber Basin Water Conservancy District.
J. Craig Smith, Bryan C. Bryner, Salt Lake City, for intervenor.
PARRISH, Justice:

INTRODUCTION
¶ 1 In this case we consider whether a nonparty to an informal agency adjudication, which lacks standing to seek judicial review of the agency's decision, can intervene in the de novo review of that decision in the district court. Because intervention in the de novo review of an agency decision is governed by the Utah Rules of Civil Procedure, we conclude that the district court erred when it failed to consider the rules of civil procedure in denying Roy City's petition to intervene. We therefore reverse.

FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 Roy City seeks to intervene in the district court's de novo review of the state engineer's decision to grant a water right to Taylor-West Weber Water Improvement District ("TWW"). Roy City alleges that the water right given to TWW will divert water from an underground aquifer that currently supplies Roy City's wells. Although Roy City filed a protest, which the state engineer considered when it granted the water right to TWW, the protest was filed over six months after the twenty-day filing deadline to become a party to the adjudication under Utah Administrative Rule 655-6-3 and Utah Code section 73-3-7. As a result, Roy City was not considered a party to the informal adjudicative proceeding. Ultimately, the state engineer granted TWW a water right, but only granted the right for ten years. TWW appealed the conditional approval, and Roy City sought to intervene in the district court's de novo review under Utah Rule of Civil Procedure 24. The district court denied Roy City's motion to intervene, finding that Roy had no "standing or right to participate" and had failed to exhaust its administrative remedies. We have original jurisdiction over appeals from the district court's de novo review of an informal adjudicative proceeding. Utah Code Ann. § 78A-3-102(3)(f) (2008).

STANDARD OF REVIEW
¶ 3 A motion to intervene involves questions of law and fact. Moreno v. Bd. of Educ., 926 P.2d 886, 888 (Utah 1996). We review the district court's legal determinations for correctness, affording no deference to its conclusions. Id. We do not disturb the district court's factual findings unless they are clearly erroneous. Id. Because the district court has discretion in determining whether to grant permissive intervention, we review denials of rule 24(b) motions to intervene under an abuse of discretion standard. The district court abuses its discretion when it relies on an erroneous conclusion of law to come to its decision. Kilpatrick v. Bullough Abatement, Inc., 2008 UT 82, ¶ 23, 199 P.3d 957. Mandatory intervention under rule 24(a), however, turns on a legal determination, which we review de novo. In re Marriage of Gonzalez, 2000 UT 28, ¶ 16, 1 P.3d 1074.

ANALYSIS
¶ 4 Roy City appeals the district court's denial of its motion to intervene, arguing that because it meets the criteria for intervention under Utah Rule of Civil Procedure 24, the court should not have considered whether Roy City exhausted its administrative remedies or had the right to seek judicial review of the agency adjudication. TWW argues that Roy City was required to establish standing to seek judicial review before intervening, that the Utah Administrative Procedure Act's (UAPA) proscription on intervention in informal adjudicative proceedings applies to the district court's de novo review of the proceeding, and that Roy City cannot intervene because it did not exhaust its administrative remedies. The State Engineer argues that allowing a nonparty to the underlying administrative adjudication to intervene in the district court's de *711 novo review violates the requirements of UAPA and interferes with the public policy of allowing the state engineer to administer water rights.

I. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED ROY CITY'S MOTION TO INTERVENE WITHOUT CONSIDERING UTAH RULE OF CIVIL PROCEDURE 24
¶ 5 Upon an adverse ruling in an informal agency adjudication conducted by the state engineer, an aggrieved party may seek judicial review in the district court. Utah Code Ann. §§ 63G-4-401 to 402 (2008). UAPA clearly states that the pleadings and procedure of the district court's review of administrative adjudications are governed by the Utah Rules of Civil Procedure. Id. § 63G-4-402(2)(b). Further, no separate statute mandates any additional requirements for potential intervenors. Therefore, Roy City's motion to intervene should be considered under Utah Rule of Civil Procedure 24. The district court therefore erred when it failed to consider the motion under the rules of civil procedure and abused its discretion by denying the motion.
¶ 6 UAPA governs judicial review of state agency action. Id. § 63G-4-102(1)(b). Once a party has exhausted its administrative remedies, it may seek district court review of "final agency actions resulting from informal adjudicative proceedings." Id. § 63G-4-402(1)(a). The district court accomplishes this review by conducting a de novo trial governed by the Utah Rules of Civil Procedure. Id. § 63G-4-402(2)(b).[1] Under the Utah Rules of Civil Procedure, a party must be allowed to intervene if it makes timely application and if the disposition of an action could potentially impair its interest in the property at issue and no other party to the litigation represents its interests.[2] Utah R. Civ. P. 24(a). The district court may allow intervention upon timely application when the party seeking to intervene has "a question of law or fact in common" with the main action. Utah R. Civ. P. 24(b).
¶ 7 The district court did not rely on rule 24 when it denied Roy City's Motion to Intervene. The court made the following findings in support of its denial:
1. Roy City unintentionally missed the deadline for filing its protest on Plaintiff's Application to Appropriate Water in the administrative proceeding before the Utah Division of Water Rights.
2. Roy City was not a party to the underlying administrative proceeding because its protest was late and untimely.
3. As a non-party and late protestant to the underlying administrative proceeding, Roy City has no standing or right to participate in this proceeding for judicial review.
4. By not fully participating in the underlying administrative proceeding, Roy City did not fully exhaust all administrative remedies requisite to participation in this proceeding for judicial review.
These findings illustrate that the district court denied Roy City's Motion to Intervene on the basis of criteria not expressed in rule 24. Therefore, the court abused its discretion in denying Roy City's motion. Because rule 24 does not impose additional requirements on Roy City in order to intervene, and because intervenors have different rights from parties who seek judicial review, Roy *712 City need not exhaust administrative remedies before being granted leave to intervene in the district court's de novo trial of the state engineer's decision. Thus, as an intervenor in TWW's de novo review proceeding, Roy City need not satisfy the requirements for party status under UAPA.

II. THE UTAH RULES OF CIVIL PROCEDURE DO NOT REQUIRE AN INTERVENOR IN A DE NOVO TRIAL TO EXHAUST ITS ADMINISTRATIVE REMEDIES
¶ 8 Under UAPA, only parties that have exhausted their administrative remedies by participating in the agency adjudication may seek judicial review. Utah Code Ann. § 63G-4-401(2). TWW relies on Ball v. Public Service Commission to argue that because Roy City was neither a party nor an intervenor in the underlying informal adjudicative proceeding and could not seek judicial review, it does not have standing to intervene in the district court's de novo review of the state engineer's decision. See Ball v. Pub. Serv. Comm'n, 2007 UT 79, ¶ 44, 175 P.3d 545. However, an intervenor is not the same as a party seeking judicial review, and nothing in the rules of civil procedure or UAPA requires that intervenors demonstrate party status or exhaust their administrative remedies in order to intervene in the district court's de novo review of an administrative proceeding.
¶ 9 In Ball, we determined that a prospective intervenor, properly denied intervention at the administrative level, could not seek appellate review of an agency decision reached after a formal adjudication. Id. Relying on the relevant sections of the Public Utilities Act, we concluded that a prospective intervenor lacks standing to seek judicial review unless he has exhausted his administrative remedies and can show that his inability to seek judicial review at the appellate level has "substantially prejudiced" his interest. Id. ¶ 48. However, Ball is distinguishable from this case. Notably, Ball involved an appeal directly to the appellate court from a formal adjudicative proceeding under the Public Utilities Act and thus was governed by the provisions of that act and the rules of appellate procedure rather than the rules of civil procedure. See Utah Code Ann. § 63G-4-403(3). Further, the party denied intervention at the administrative level in Ball was actually seeking to initiate judicial review. Id. ¶ 44. Although failure to participate at the administrative level may affect a party's right to seek appellate review of a formal agency decision, it does not affect that party's right under Utah Rule of Civil Procedure 24 to intervene in a de novo judicial review proceeding initiated by another party. See S & G, Inc. v. Morgan, 797 P.2d 1085, 1087 (Utah 1990) ("[Plaintiff] waived its right to judicial review by failing to participate in the administrative proceedings.").
¶ 10 Rule 24 does not require that intervening parties have standing to initiate a review proceeding, only that they meet the criteria listed within the rule. Unlike a case in which the district court lacks subject matter jurisdiction because the party seeking judicial review has not exhausted its administrative remedies, intervenors under rule 24 need not establish a separate jurisdictional basis for their intervention.
¶ 11 Both the State Engineer and TWW argue that allowing Roy City to intervene at the de novo review level when it failed to participate in the proceeding below will undermine the de novo review process. But Roy City, as an intervenor, will still be limited by both the requirements of rule 24 and our prior cases that limit the subject matter of de novo review proceedings of administrative adjudications in the district court.
¶ 12 For instance, although those allowed to intervene under Federal Rule of Civil Procedure 24 have "equal standing with the original parties,"[3] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1920 (3d ed. 1998), the intervening party may be subject to dismissal if the original party dismisses the suit and the intervening party has no separate standing. See Goto v. D.C. Bd. of Zoning Adjustment, 423 A.2d 917, 922 (D.C. *713 1980) (finding that although an intervenor's claim could not remedy a jurisdictional defect with the original party, the claim could only be considered because the intervenor had independent standing to bring the claim). Further, upon a showing that the original parties would be prejudiced by a broad intervention, the court may limit the issues that an intervenor may litigate. See Wright & Miller § 1922. In addition, the intervening party is subject to the same limitations on claims as the party that sought judicial review of the administrative agency decision. Only those issues that were brought to the factfinder's attention at the administrative level may be litigated in the de novo review in the district court. Badger v. Brooklyn Canal Co., 966 P.2d 844, 847 (Utah 1998).

CONCLUSION
¶ 13 We conclude that the plain language of UAPA and the Utah Rules of Civil Procedure mandate that the district court consider motions to intervene under Utah Rule of Civil Procedure 24. We hold that the district court abused its discretion by failing to consider the motion under this rule. Therefore, we reverse the district court's denial of Roy City's motion to intervene and remand for reconsideration under rule 24.
¶ 14 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.
NOTES
[1] TWW argues that UAPA's procedural rules should apply in the district court proceeding, citing Utah Code section 78A-5-102(7)(a) (2008), which require the district court to "comply with the requirements of [UAPA] in its review of agency adjudicative proceedings." However, UAPA specifies that the Utah Rules of Civil Procedure govern the de novo review. Therefore, any procedural aspect of the de novo review, including the rule pertaining to intervention, is governed by the Utah Rules of Civil Procedure, not UAPA's requirements for informal adjudicative proceedings.
[2] We have not addressed whether a party needs to establish standing separately from meeting the rule 24 criteria for intervention. Although there is a split in authority as to whether an intervenor must be able to establish standing apart from meeting the requirements of rule 24, we find no support for such an argument in the text of the rule. See San Juan County v. United States, 503 F.3d 1163, 1172 (10th Cir.2007) (en banc) (finding that no standing is necessary in determining whether a party can intervene under Federal Rule of Civil Procedure 24).
[3] "Because the Utah Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, where there is little Utah law interpreting a specific rule, we may look to the Federal Rules of Civil Procedure for guidance." Bichler v. DEI Sys., Inc., 2009 UT 63, ¶ 24 n. 2, 220 P.3d 1203.