2011 UT 60

**STATE of Utah, Plaintiff and Petitioner,**

**v.**

**Larry O. BOSH and D. Shawn Benson, et al., Defendants.**

**Money & More Investors, LLC, Intervenor and Respondent.**

No. 20100530.

Supreme Court of Utah.

Sept. 30, 2011.

Curtis L. Larson, Jeff Buhman, Provo, for appellant.

Nathan Dorius, Joseph Pia, Salt Lake City, for appellee.

Chief Justice DURHAM, opinion of the Court:

## INTRODUCTION

¶ 1 On interlocutory appeal, the State challenges the district court's grant of interven-

tion to Money & More Investors LLC (MMI) under rule 24 of the Utah Rules of Civil Procedure. MMI sought intervention in the State's action against Larry Bosh and others to preserve assets pursuant to Utah Code section 77–38a–601, claiming an interest in the assets. The State appeals the grant of intervention on two grounds: (1) the district court improperly granted intervention as of right under rule 24(a), and (2) the court abused its discretion by granting permissive intervention under rule 24(b). We conclude that the district court properly granted MMI intervention as of right under rule 24(a).

## BACKGROUND

¶ 2 From June 2007 to October 2008, Money & More Inc. (M & M), which consisted of Larry Bosh and several other individuals (collectively, the Defendants), allegedly maintained and operated a Ponzi scheme. The State alleges that the Defendants fraudulently induced their victims to invest in M & M by promising high returns and kick-backs for referring other investors. In December 2008, the Utah County Attorney's office began investigating the scheme and found that the Defendants had raised between $40 million and $50 million from investors. On September 30, 2009, the State filed a petition for a temporary restraining order against the Defendants to preserve assets for restitution under Utah Code section 77–38a–601 (the Preservation Statute).[1] The district court granted the petition and issued a temporary restraining order freezing the Defendants' assets.[2] On November 25, 2009, the district court entered a preliminary injunction.

¶ 3 Independent of these events, in an attempt to recover their losses from the alleged fraudulent investment, 330 individuals and 40 corporations formed MMI and assigned to it their rights, interests, and claims against the Defendants. In December 2008, MMI initiated a federal civil action against the Defendants. In January 2010, after more than a year of negotiations, MMI reached a settlement agreement with the Defendants (the Settlement Agreement).[3] However, due to the State's preservation action, the Defendants' assets were frozen and the Settlement Agreement therefore remained contingent on the lifting of the preliminary injunction. MMI filed a motion to lift the injunction to carry out the Settlement Agreement. The State challenged MMI's standing; in response, MMI filed a motion to intervene in the State's preservation action.

¶ 4 The State objected to MMI's motion to intervene for several reasons, including a claim that MMI was representing not victims of the alleged scheme, but rather co-conspirators.[4] The district court nonetheless granted the motion to intervene. The district court's order granted MMI both intervention as of right under Utah Rule of Civil Procedure 24(a) and, in the alternative, permissive intervention under rule 24(b). Further, the court sua sponte questioned the constitutionality of the Preservation Statute.[5] The dis-

1. Section 77–38a–601 states in relevant part that [p]rior to or at the time a criminal information, indictment charging a violation, or a petition alleging delinquency is filed, or at any time during the prosecution of the case, a prosecutor may, if in the prosecutor's best judgment there is a substantial likelihood that a conviction will be obtained and restitution will be ordered in the case, petition the court to:
   (a) enter a temporary restraining order, an injunction, or both;
   (b) require the execution of a satisfactory performance bond; or
   (c) take any other action to preserve the availability of property which may be necessary to satisfy an anticipated restitution order.
   UTAH CODE ANN. § 77–38a–601(1) (Supp.2011).

2. The court froze assets including family homes, vacant lots, vehicles, family trusts, and bank accounts.

3. The Settlement Agreement provides for the transfer of the Defendants' assets to MMI. These are the same assets that were frozen in the preservation action.

4. In its initial petition in the preservation action, the State named five subjects of investigation against whom the State anticipated filing criminal charges. The State noted in its brief to this court that it may file charges against other unnamed individuals. To date, however, the State has filed criminal charges only against the five individuals named in the initial petition.

5. Section 77–38a–601 first took effect in 2004; this appears to be one of the first actions arising under the section.

trict court focused on the Preservation Statute's notice requirement and observed that it did not adequately define who was to receive notice.[6] The State filed a petition for interlocutory appeal, which we granted. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j).

## STANDARD OF REVIEW

¶ 5 When reviewing a grant or denial of an intervention as of right, we review the decision of the district court for correctness. *Taylor–W. Weber Water Improvement Dist. v. Olds*, 2009 UT 86, ¶ 3, 224 P.3d 709. "[T]he interpretation of a rule of procedure is a question of law that we review for correctness." *Drew v. Lee*, 2011 UT 15, ¶ 7, 250 P.3d 48 (alteration in original) (internal quotation marks omitted).

## ANALYSIS

¶ 6 The State has challenged the district court's grant of intervention on two grounds.[7] First, the State argues that the district court improperly granted MMI intervention as of right under Utah Rule of Civil Procedure 24(a). Second, the State argues that MMI was improperly granted permissive intervention under rule 24(b). We hold that the district court properly granted intervention as of right under rule 24(a), and therefore we need not reach the district court's alternative ruling under rule 24(b).

¶ 7 Under rule 24(a),

a court must allow a party to intervene if that party can establish that (1) its motion to intervene is timely, (2) the party has an interest in the subject matter of the litigation, (3) the party's interest is or may be inadequately represented, and (4) the par-

ty is or may be bound by a judgment in the action.

*Parduhn v. Bennett*, 2005 UT 22, ¶ 13, 112 P.3d 495 (internal quotation marks omitted); *see also* Utah R. Civ. P. 24(a). The State challenges MMI's satisfaction of each of the four elements.

¶ 8 First, the State argues that MMI's motion to intervene was not timely because the district court had already entered a preliminary injunction. We disagree. As a general rule "intervention is not to be permitted after entry of *judgment*," *Jenner v. Real Estate Servs.*, 659 P.2d 1072, 1074 (Utah 1983) (emphasis added), but a preliminary injunction is not a judgment. A judgment "ends the litigation," leaving nothing but to execute the judgment. *Crosland v. Peck*, 738 P.2d 631, 632 (Utah 1987) (internal quotation marks omitted). " '[A] preliminary injunction [is] by its very nature interlocutory, tentative and impermanent.' " *U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir.1988) (quoting *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir.1977)). Here, the temporary nature of the preliminary injunction is readily apparent. It is in place to preserve assets for future availability for restitution to potential victims of an alleged scheme. We view MMI's intervention as particularly timely, given that the assets are frozen and litigation regarding their disposition must occur before they are disbursed.

¶ 9 Second, the State contends that MMI does not have a "direct" interest in the subject matter such that MMI "will either gain or lose by direct operation of the judgment to be rendered." *Lima v. Chambers*, 657 P.2d 279, 282 (Utah 1982) (internal quotation marks omitted). However, this inter-

**6.** The district court was troubled by the problem of determining who has an interest in the property under the notice requirement. *See id.* § 77–38a–601(2)(a) ("Upon receiving a request from a prosecutor under Subsection (1), and after *notice to persons appearing to have an interest in the property* and affording them an opportunity to be heard, the court may take action as requested by the prosecutor . . . ." (emphasis added)).

**7.** The State also challenged the grant of intervention on a third ground, claiming that the district court's grant of intervention hinged on its con-

cerns with the constitutionality of the Preservation Statute. We disagree. Although the district court opined on constitutional implications of the Preservation Statute, it did not base its decision on those concerns. Rather, the court granted intervention to MMI under rule 24 of the Utah Rules of Civil Procedure, and we affirm its order on that basis. It is therefore unnecessary for this court to address the district court's concerns regarding the constitutionality of the Preservation Statute's notice provisions.

pretation of the rule has been altered in the wake of amendments lowering the standard for intervention, as we described in *Chatterton v. Walker*, 938 P.2d 255 (Utah 1997). Under the amended rule, an intervenor need claim only "an interest *relating* to the property or transaction" such that it may be impacted by the judgment. UTAH R. CIV. P. 24(a) (emphasis added). Accordingly, "the text of Rule 24 now mandates intervention on even more liberal terms." *Chatterton*, 938 P.2d at 258. MMI has a cognizable claim against the Defendants and an interest in pursuing the Settlement Agreement in the federal litigation. MMI, as assignee of the alleged victims' rights, should be able to "fully and fairly litigate the rights it claims to have acquired by assignment." *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2010 UT 6, ¶ 11, 230 P.3d 1000. MMI thus has an interest relating to the property.

¶ 10 Third, the State argues that MMI failed to show that the original parties to the suit would inadequately represent MMI's interests. An intervening party has the burden to show that the representation of its interests is inadequate. *See Beacham v. Fritzi Realty Corp.*, 2006 UT App 35, ¶ 8, 131 P.3d 271. However, this burden is minimal, and the intervenor need show only some evidence of diverging or adverse interests. *Id.; see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). MMI's interests clearly diverge from the State's: MMI seeks to lift the restraining order, while the State wishes to maintain it. Moreover, the State alleges that MMI is representing "co-conspirators" to the alleged criminal activity instead of actual victims. It is inconsistent for the State to contend that it represents the interests of MMI while simultaneously arguing that MMI represents individuals who engaged in the alleged criminal scheme. In light of these factors, MMI has sufficiently established a divergent interest from the State.

¶ 11 Finally, the State concedes that MMI may be bound by the district court's judgment, yet states that such a judgment will not "prejudice" MMI. Rule 24(a) states that a party may intervene if the action may "as a practical matter impair or impede his ability to protect [his] interest." There is no requirement, as the State seems to argue, that the judgment will prejudice the party. Here, the preservation action has a direct impact on MMI and the Settlement Agreement, and will impair MMI's ability to pursue the settlement for its assignors. MMI will be bound by the judgment, thus satisfying the fourth prong for intervention.

## CONCLUSION

¶ 12 MMI has met all of the elements of rule 24(a). Therefore, we affirm the grant of intervention as of right and remand this case to the district court for further proceedings.

¶ 13 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and JUSTICE Lee concur in Chief Justice DURHAM's opinion.