2012 UT 48

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Jamie Lynn GREENWOOD, Defendant and Respondent.**

No. 20100632.

Supreme Court of Utah.

Aug. 10, 2012.

Mark L. Shurtleff, Att'y Gen., Christine F. Soltis, Asst. Att'y Gen., Salt Lake City, for petitioner.

Scott L. Wiggins, Salt Lake City, for respondent.

Justice PARRISH, opinion of the Court:

## INTRODUCTION

¶ 1 We granted the State's petition for interlocutory review to address whether a court may grant a criminal defendant's request to waive a jury trial over the prosecution's objection. The district court granted Jamie Lynn Greenwood's request to waive a jury trial in favor of a bench trial because of the court's perceived "due process concerns." On appeal, the State argues that the district court erred because it disregarded the clear provisions of rule 17(c) of the Utah Rules of Criminal Procedure that require the consent of the prosecution before a defendant may waive a jury trial. We hold that under rule 17(c), Ms. Greenwood may not waive a jury trial without the State's consent. Additionally, we hold that Ms. Greenwood's due process rights were not implicated in this case. We

therefore reverse and remand for a jury trial.

## BACKGROUND

¶ 2 Ms. Greenwood has not been convicted of any crime and the facts are only alleged. Nevertheless, the allegations are relevant because the district court concluded that no jury could fairly preside over the case due to the inflammatory nature of the alleged facts.

¶ 3 In March 2010, Jamie Lynn Greenwood was charged with five felonies: two counts of rape, two counts of forcible sodomy, and one count of forcible sexual abuse. The information alleged that Ms. Greenwood, who was forty and forty-one at the time, had been engaged in an eleven-month sexual relationship with her son's friend, A.B., who was fifteen and sixteen at the time of the relationship. Ms. Greenwood pled not guilty to all charges. Ms. Greenwood acknowledges that she had a sexual relationship with the teenager but claims the relationship was consensual and that A.B. actually "threatened and intimidated" her into engaging in sexual conduct. The State alleges that Ms. Greenwood gave A.B. gifts and cash in exchange for sexual favors. The State also claims that Ms. Greenwood threatened to call A.B.'s mother if he did not do what she requested.

¶ 4 The morning her jury trial was scheduled to begin but before the jury had been selected, Ms. Greenwood requested a bench trial. She reasoned that, due to A.B.'s alleged consent and other age-based issues, a bench trial would be more appropriate to evaluate the charges against her. Specifically, she argued that "an analytical and legal pre-trained mind looking [at] and weighing the factors [would] give her a much more objective decision than trying to, in a short time, explain and try to articulate to a jury the fine lines between ... rape and unlawful sexual activity or unlawful sexual conduct with a minor." Additionally, Ms. Greenwood argued that the jury pool may be tainted due to the pretrial publicity the case had received.

¶ 5 The State objected, refused to consent to the waiver, and argued that under rule 17(c) of the Utah Rules of Criminal Proce-

dure, a defendant in a felony case cannot waive a jury trial without the prosecution's consent. Ms. Greenwood argued that the court has discretion to waive a jury trial in certain circumstances. She claimed that the circumstances of this case justified an exception to rule 17(c) because of the fine line between the offenses charged and potential lesser offenses, the issue of consent, and the media attention the case had received. The State argued that while there was some limited media interest in the case initially, only one reporter still showed an interest in the case, and the court could ensure an impartial jury by using additional safeguards, such as a pretrial juror questionnaire.

¶ 6 The district court approved Ms. Greenwood's waiver of a jury trial over the State's objection. The district court judge noted that he was concerned that rule 17(c) gave the State an unfair ability to control the case and this control put a "tremendous burden" on the defense, which implicated Ms. Greenwood's due process rights. He then concluded that this case qualified for an exception to rule 17(c) because, given the charges of sexual abuse, there was a "fine line" between the actual charges and possible lesser charges due to the defendant's allegation of consent and the age of the alleged victim, and because the case had received some pretrial publicity.

¶ 7 The district court granted the defendant's waiver of a jury trial and ordered a bench trial to begin the following day. This court granted the State's petition for an emergency stay and interlocutory review. We have jurisdiction under section 78A-3-102(3)(h) of the Utah Code.

## STANDARD OF REVIEW

¶ 8 "The interpretation of a rule of procedure is a question of law that we review for correctness." *State v. Bosh*, 2011 UT 60, ¶ 5, 266 P.3d 788 (alteration omitted) (internal quotation marks omitted). Additionally, the district court reasoned that denying Ms. Greenwood's request for a bench trial based on the State's objection "would implicate [her] due process rights." "Because the is-

sue of constitutionality presents a question of law, we review the district court's ruling for correctness and accord it no particular deference." *Ryan v. Gold Cross Servs., Inc.*, 903 P.2d 423, 424 (Utah 1995) (internal quotation marks omitted). Ultimately, "an appellate court decides [questions of law] for itself and does not defer in any degree to the district court's determination because it is the primary role of the appellate courts to say what the law is and ensure that it is uniform throughout the jurisdiction." *State v. Daniels*, 2002 UT 2, ¶ 18, 40 P.3d 611.[1]

## ANALYSIS

### I. THE DISTRICT COURT ERRED BY GRANTING MS. GREENWOOD'S REQUEST FOR A BENCH TRIAL OVER THE STATE'S OBJECTION

¶ 9 The district court granted Ms. Greenwood's request for a bench trial over the State's objection based on the court's perceived "due process concerns." On appeal, the State argues that the district court erred as a matter of law because its decision disregarded rule 17(c) of the Utah Rules of Criminal Procedure, which clearly requires the consent of the prosecution before a criminal defendant may waive a jury trial. Ms. Greenwood responds that if the district court had forced Ms. Greenwood to undergo a jury trial because of the State's objection, it would have implicated her due process rights. We hold that the district court erred when it failed to enforce the provisions of rule 17(c) of the Utah Rules of Criminal Procedure and that Ms. Greenwood's due process rights have not been implicated at this stage of the case.

### A. The District Court Erred in Refusing to Enforce Rule 17(c)

¶ 10 The district court granted Ms. Greenwood's request for a bench trial over the State's objection, noting that it "underst[ood] rule 17(c) of the Utah Rules of Criminal Procedure and the [applicable] case law" but that it "believe[d] that upon a prop-

---

1. Ms. Greenwood argues that the district court's decision should be reviewed deferentially as a mixed question of fact and law. We disagree. *See infra* ¶ 26.

er showing a defendant should be able to waive his or her right to a jury trial." The State argues that the district court erred because its ruling disregarded the clear language of rule 17(c) of the Utah Rules of Criminal Procedure. We agree with the State.

¶ 11 The Utah Constitution guarantees that "[i]n criminal prosecutions the accused shall have the right to ... have a speedy public trial by an impartial jury." UTAH CONST. art. I, § 12. Under rule 17(c) of the Utah Rules of Criminal Procedure, "[a]ll felony cases shall be tried by jury unless the defendant waives a jury in open court with the approval of the court and the consent of the prosecution." UTAH R.CRIM. P. 17(c). We have held that a criminal defendant does not have a constitutionally based right to receive a bench trial. *State v. Robbins,* 709 P.2d 771, 772 (Utah 1985). Rather, "the right to have a case tried by a judge is founded only in [rule 17(c)] and its federal counterpart." *Id.*

¶ 12 The U.S. Supreme Court also has held that there is no constitutional right to a bench trial. In *Singer v. United States,* the U.S. Supreme Court analyzed a criminal defendant's right to a bench trial over the prosecution's objection under rule 23(a) of the Federal Rules of Criminal Procedure, which is the federal analogue to Utah's rule 17(c).[2] 380 U.S. 24, 34–38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). There, the defendant requested a bench trial, the prosecution objected, and the defendant was subsequently tried and convicted by a jury. *Id.* at 25, 85 S.Ct. 783. The *Singer* Court held that while the Sixth Amendment confers the constitutional right to a jury trial, "the Constitution neither confers nor recognizes a right of criminal defendants to have their cases tried before a judge alone." *Id.* at 26, 85 S.Ct. 783. The Court reasoned that "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Id.* at 34–35, 85

S.Ct. 783. "Moreover, it has long been accepted that the waiver of constitutional rights can be subjected to reasonable procedural regulations...." *Id.* at 35, 85 S.Ct. 783. The Court ultimately determined that rule 23(a) was a reasonable procedural regulation of a criminal defendant's waiver of his constitutional right to a jury trial. *See id.* at 35–38, 85 S.Ct. 783. "Thus," the Court concluded, "there is no federally recognized right to a criminal trial before a judge sitting alone...." *Id.* at 34, 85 S.Ct. 783.

¶ 13 Similarly, we have held that while "an accused is guaranteed a right [to] trial by jury, neither the state nor the federal constitution guarantees him a right to 'waive' a jury trial." *State v. Studham,* 655 P.2d 669, 671 (Utah 1982) (per curiam). This is because "the right to have a case tried by a judge is founded only in [rule 17(c)] and its federal counterpart ... [and these rules] simply make a defendant's right to have a case tried by a judge subject to the prosecutor's approval." *Robbins,* 709 P.2d at 772; *see also State v. Davis,* 689 P.2d 5, 13 (Utah 1984); *Studham,* 655 P.2d at 671. Thus, our cases have consistently upheld rule 17(c)'s procedural limitation, which allows the prosecution's objection to foreclose a defendant's ability to waive a jury trial. *See, e.g., Robbins,* 709 P.2d at 772; *Davis,* 689 P.2d at 13; *Studham,* 655 P.2d at 671.

¶ 14 The law is clear that conditioning a waiver on the consent of the prosecution does not violate the defendant's constitutional rights. *See, e.g., Singer,* 380 U.S. at 36, 85 S.Ct. 783; *Robbins,* 709 P.2d at 772. In its decision, the district court recognized these prior holdings, but apparently disagreed with the requirements of rule 17(c). After acknowledging its familiarity with rule 17(c) and case law interpreting it, the district court nevertheless held that Ms. Greenwood should be granted a bench trial over the prosecution's objection because the district court "believe[d] that ... a defendant should

---

**2.** Rule 23(a) of the Federal Rules of Criminal Procedure states that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Rule 17(c) of the Utah Rules of Criminal Procedure contains substantially similar language: "All felony cases shall be tried by jury unless the defendant waives a jury in open court with the approval of the court and the consent of the prosecution."

be able to waive his or her right to a jury trial." But a district court cannot disregard clearly established law merely because it disagrees with it. When the prosecution refuses to consent to the waiver, the defendant is merely "subject to an impartial trial by jury—the very thing that the Constitution guarantees him." *Singer*, 380 U.S. at 36, 85 S.Ct. 783. Similarly, under the Utah Constitution, Ms. Greenwood is entitled to "a speedy public trial by an impartial jury." UTAH CONST. art. I, § 12. And the State has a "legitimate interest" in seeking a conviction "before the tribunal which the Constitution regards as most likely to produce a fair result." *Singer*, 380 U.S. at 36, 85 S.Ct. 783. In this case, the State did not give its consent and it has an interest in ensuring that Ms. Greenwood receives a fair trial in front of an impartial jury. Thus, the district court was obligated to enforce the provisions of rule 17(c) and deny Ms. Greenwood's request for a bench trial. We hold that the district court erred in refusing to do so.

### B. Ms. Greenwood's Due Process Rights Were Not Implicated

¶ 15 In its decision granting Ms. Greenwood's request for a bench trial over the prosecution's objection, the district court reasoned that refusing to grant Ms. Greenwood's request for a bench trial would implicate her due process rights. Specifically, the district court stated that "if a defendant can make a showing upon a proper basis why a defendant desires to waive a jury," the district court "believe[d] that ... denying such request simply at the objection of the State would implicate the due process rights of the Defendant." The State argues that Ms. Greenwood's due process rights were not implicated because the district court never attempted to seat an impartial jury or use available safeguards to determine whether Ms. Greenwood could receive a trial by an impartial jury. We agree with the State.

¶ 16 In this case, the district court grounded its "due process concerns" in language from the U.S. Supreme Court's *Singer* opinion. In *Singer*, the trial court denied the defendant's request for a bench trial over the prosecution's objection, and the defendant was subsequently tried and convicted by a jury. 380 U.S. at 25, 85 S.Ct. 783. On appeal, the defendant argued that the trial court's decision was erroneous because denying such a request might implicate due process concerns in some cases. *Id.* at 36–37, 85 S.Ct. 783. The U.S. Supreme Court declined to address the issue, noting that:

> We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where "passion, prejudice ... public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is.

*Id.* at 37–38, 85 S.Ct. 783 (alteration in original) (footnote omitted).

¶ 17 In this case, the district court reasoned that *Singer's* language created an exception to the procedural rule. And it was under this purported exception that the district court granted Ms. Greenwood's request, citing due process concerns. However, we need not determine whether there is an exception to rule 17(c) of the Utah Rules of Criminal Procedure because Ms. Greenwood's due process rights are not implicated in this case.

¶ 18 In *Singer*, the U.S. Supreme Court emphasized that "[t]rial by jury has been established by the Constitution as the normal and ... preferable mode of disposing of issues of fact in criminal cases." *Id.* at 35, 85 S.Ct. 783 (second alteration in original) (internal quotation marks omitted). And, as the *Singer* Court acknowledged, "[a]s with any mode that might be devised to determine guilt, trial by jury has its weaknesses and the potential for misuse." *Id.* "However," the Court noted, "the mode [of jury trials] has been surrounded with safeguards to make it as fair as possible—for example, venue can be changed when there is a well-grounded fear of jury prejudice." *Id.* Indeed, the

Court gave specific examples of these safeguards, including a request for change of venue, voir dire examination, and for-cause and peremptory challenges to strike partial or prejudiced jurors. *Id.* After emphasizing these safeguards, the Court held that requiring the criminal defendant in *Singer* to undergo a jury trial did not implicate his due process rights. *Id.* at 36, 85 S.Ct. 783. Specifically, the Court stated:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

*Id.* Thus, the *Singer* Court ultimately concluded that the defendant was not denied his due process rights because he received a fair and impartial jury trial, which is exactly what the Constitution guaranteed him. *Id.* at 36–37, 85 S.Ct. 783.

¶ 19 This case is factually distinguishable from *Singer* because there, the lower court denied the defendant's request for a bench trial and the defendant was subsequently convicted after a fair and impartial jury trial. *Id.* at 25, 85 S.Ct. 783. In this case, however, the lower court determined that Ms. Greenwood's due process rights were implicated because it was impossible or unlikely to seat an impartial jury. The State cites to a factually similar case, *United States v. United States District Court for Eastern District of California,* 464 F.3d 1065 (9th Cir.2006) (per curiam). We find this case persuasive and hold that the district court must at least attempt to seat an impartial jury before determining that a defendant's due process rights are implicated by the prosecutor's refusal to consent to a bench trial.

¶ 20 In *Eastern District,* the federal government charged four individuals for acts involving interstate travel and sexual abuse of children. *Id.* at 1067. The defendants sought to waive a jury trial in favor of a bench trial, and the district court granted the defendants' request over the prosecution's objection. *Id.* at 1066–67. Due to the highly prejudicial nature of the sexual charges, the district court concluded that

> the language of *Singer* ... passion, prejudice, public feeling or some other factor may render impossible or unlikely an impartial jury trial, and that the likelihood that the defendants would not receive a fair trial to a jury outweighs any interest that the Government has under rule 23 to a trial by jury.

*Id.* at 1068 (internal quotation marks omitted). Specifically, the district court noted that it

> was satisfied that the heinous and repugnant conduct of the defendants, ... which will be vividly apparent to the jury from the evidence to be presented, would render it 'impossible or unlikely' that ordinary jurors would be able to dispassionately listen to and consider defendants' more technical arguments having to do with interstate commerce in defense to some of the charges.

*Id.* (internal quotation marks omitted).

¶ 21 On appeal, the Ninth Circuit Court of Appeals disagreed, reversed, and remanded the case for a jury trial. *Id.* at 1072. The court of appeals noted that, as in *Singer,* it did not need to determine " 'whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial.' " *Id.* at 1071 (quoting *Singer,* 380 U.S. at 37, 85 S.Ct. 783). The court of appeals noted that it was "confident that the able and experienced trial judge is fully capable of ensuring these defendants an impartial trial" because a judge "is afforded an abundance of tools by the Federal Rules of Evidence and Criminal Procedure and by the inherent power of the court" to ensure a fair trial. *Id.* The appellate court emphasized that there are procedural safeguards in place

to ensure the fairness of a jury trial. These safeguards include the use of voir dire, jury questionnaires, motions to exclude prejudicial and cumulative evidence, as well as oral and written jury instructions emphasizing the need for proof of each and every element of the charged offenses beyond a reasonable doubt. *Id.* at 1071–72. The court ultimately concluded that it was erroneous for the district court to grant the defendants' request for a bench trial over the prosecution's objection when the district court failed to use any of these procedural safeguards to ensure a fair jury trial. *See id.* at 1072.

¶ 22 Similarly, in this case, the district court did not even attempt to employ the available procedural safeguards to determine whether Ms. Greenwood could receive a fair and impartial jury trial. Thus, Ms. Greenwood was not denied due process. As the *Singer* court emphasized, "[a] defendant's only constitutional right concerning the method of trial is to an impartial trial by jury." 380 U.S. at 36, 85 S.Ct. 783. But the district court did not even attempt to seat an impartial jury. In fact, the State specifically argued at the motion hearing that voir dire, jury instructions, or jury questionnaires were all available to address the district court's concerns about Ms. Greenwood's due process rights. Yet the district court declined to employ these tools, concluding that Ms. Greenwood's due process concerns would automatically be implicated if she were forced to undergo a jury trial because of the State's objection.

¶ 23 We are confident that available procedural safeguards would have enabled Ms. Greenwood to receive a fair and impartial trial. These safeguards include the use of jury questionnaires, voir dire, for-cause and peremptory challenges, motions to exclude prejudicial and cumulative evidence, a motion for a change of venue and standard jury instructions informing jurors of their duty to find all elements beyond a reasonable doubt. These safeguards would have protected Ms. Greenwood's due process rights guaranteed under the state and federal constitutions. And, in the event these procedural safeguards failed, Ms. Greenwood could then challenge her conviction. At this stage, how-ever, it was premature for the district court to conclude that Ms. Greenwood either would not or could not receive a fair and impartial jury trial.

¶ 24 Ms. Greenwood insists that the nature of her case is unique and that this implicated her due process rights. Indeed, the district court reasoned that Ms. Greenwood would be deprived of due process if she were forced to undergo a jury trial "because of the nature of the case, the publicity th[e] case ha[d] received, and the fine line between the offenses charged and the lesser included offenses which the court ... agreed to consider." We disagree. Jurors often decide issues regarding highly inflammatory and prejudicial charges including sexual conduct between an adult and a minor. And this includes cases that have received significant media attention prior to trial. Moreover, in sexual offense cases where consent is at issue, juries often distinguish between the "fine lines" of greater and lesser offenses charged, even where there are age-based consent issues. Juries regularly decide these issues and there is no reason to believe that a competent and impartial jury could not similarly decide them here. Nothing in the record suggests that Ms. Greenwood was deprived of her right to due process.

### C. Ms. Greenwood's Procedural Arguments Fail

¶ 25 Ms. Greenwood also asserts several procedural arguments in support of her position that we must defer to the district court's decision. Specifically, Ms. Greenwood asserts that we should give deference to the district court's ruling because it presents a mixed question of fact and law, the State failed to marshal the evidence in favor of the district court's factual findings, and the State failed to provide a full record on appeal. We are unpersuaded.

¶ 26 First, Ms. Greenwood argues that the district court's decision to grant a bench trial over the State's objection based on "due process" grounds should be reviewed as a mixed question. We disagree. It is well settled that "the interpretation of a rule of procedure is a question of law that we review for correctness." *State v. Bosh,* 2011

UT 60, ¶ 5, 266 P.3d 788 (alteration omitted) (internal quotation marks omitted). And the law is clear that appellate courts review the constitutionality of a statute for correctness, giving no deference to the lower court's interpretation. *See State v. Angilau,* 2011 UT 3, ¶ 7, 245 P.3d 745; *Ryan v. Gold Cross Servs., Inc.,* 903 P.2d 423, 424 (Utah 1995). In this case, the district court did not make any factual findings. Instead, the district court acknowledged the rule and our prior case law, but nevertheless disregarded it. The district court also framed its analysis as a legal conclusion by reasoning that denying Ms. Greenwood's request "would implicate the due process rights of the defendant." As noted above, the case law clearly establishes that there is no constitutional right to a bench trial over the prosecution's objection. *Singer,* 380 U.S. at 36, 85 S.Ct. 783; *Robbins,* 709 P.2d at 772. Because we review the district court's legal determination under a correctness standard, we give no deference to the district court's conclusion.

¶ 27 Ms. Greenwood also argues that the State has failed to marshal the facts and that we therefore should give deference to the district court's ruling in her favor. But she misunderstands our marshaling requirement. Under the Utah Rules of Appellate Procedure, "[a] party challenging a *fact finding* must first marshal all record evidence that supports the challenged finding." Utah R.App. P. 24(a)(9) (emphasis added). In other words, our marshaling requirement applies only to a lower court's factual findings. But the district court here did not make any factual findings, and the State is only challenging the lower court's legal determination regarding waiver.[3] Thus, the lower court has not made any factual findings that need to be marshaled.

¶ 28 Next, Ms. Greenwood argues that the State failed to provide an adequate record on appeal. Ms. Greenwood contends that we must give deference to the lower court's ruling because the State failed to include a transcript of a preliminary hearing regarding the admissibility of A.B.'s juvenile record under rule 412 of the Utah Rules of Evidence. The State responds that the preliminary hearing was irrelevant to the lower court's determination regarding waiver. We agree with the State.

¶ 29 Once again, Ms. Greenwood misunderstands our procedural rule regarding a party's obligation to provide a complete record on appeal. We have noted that "[w]hen *crucial matters* are not included in the record, the missing portions are presumed to support the action of the [district] court." *State v. Pritchett,* 2003 UT 24, ¶ 13, 69 P.3d 1278 (emphasis added) (internal quotation marks omitted). Thus, parties are required to provide only crucial portions of the record on appeal. In this case, the preliminary hearing transcript regarding the victim's juvenile record was not crucial. In fact, it was irrelevant. The motion for jury waiver and the preliminary hearing were addressed on two separate occasions by two separate judges. Ultimately, the district court judge who considered A.B.'s juvenile record concluded that it was irrelevant and forbade any mention of it at the upcoming trial. Thus, the preliminary hearing transcripts concerning the admissibility of A.B.'s juvenile record were irrelevant to the waiver determination and it was unnecessary for the State to provide a copy of that hearing transcript as part of the record on appeal.

¶ 30 Finally, Ms. Greenwood generally argues that we must give considerable deference to the district court's conclusion to grant her request for a bench trial over the prosecution's objection. We disagree. This case presents questions of law, which we review for correctness. *See supra* ¶ 8. Thus, we "do[ ] not defer in any degree to the [district] court's determination." *State v. Daniels,* 2002 UT 2, ¶ 18, 40 P.3d 611.

¶ 31 Additionally, we have indicated that deference should be given only in instances where the defendant seeks to dismiss the jury in the middle of the trial, *State v. Black,* 551 P.2d 518, 520 (Utah 1976), or where circumstances "clearly demonstrate[ ] an invasion of due process," *Studham,* 655 P.2d at 671. This case does not present such a clear

---

3. Ms. Greenwood acknowledges in her brief to this court that "[i]nstead of marshaling the evi- dence, the State challenges only the legal ruling of the [district] court as to waiver."

**564**

invasion of due process. Thus, Ms. Greenwood's procedural arguments fail, and we give no deference to the district court's decision on appeal.

### CONCLUSION

¶ 32 We hold that the district court erred in granting Ms. Greenwood's request for a bench trial over the State's objection. We therefore reverse and remand for a jury trial.

Justice PARRISH authored the opinion of the Court, in which Chief Justice DURRANT, Associate Chief Justice NEHRING, Justice DURHAM, and Justice LEE joined.