2016 UT App 16

## THE UTAH COURT OF APPEALS

DARRIN BERG,
Appellant,
*v.*
RICHARDS BRANDT MILLER NELSON,
Appellee.

Per Curiam Decision
No. 20150974-CA
Filed January 22, 2016

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 120907963

S. Baird Morgan, Attorney for Appellant

Lynn S. Davies and Russell C. Fericks, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      Appellant Darrin Berg, individually and on behalf of the heirs of Diane Berg, (Berg) appeals the district court's October 19, 2015 order granting Appellee Richards Brandt Miller Nelson (RBMN) permission to intervene to enforce an attorney lien and the district court's ruling announced on November 6, 2015, and entered on November 23, 2015, which denied reconsideration under rule 60(b) of the Utah Rules of Civil Procedure. This matter is before the court on RBMN's motion for summary dismissal for lack of jurisdiction and on Berg's cross-motion for summary reversal. Because we dismiss the appeal for lack of jurisdiction, we do not consider Berg's cross-motion.

¶2      This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or qualifies for an

exception to the final judgment rule. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (citation and internal quotation marks omitted). Utah appellate courts recognize a limited exception to the final judgment rule for an appeal of an order denying a motion to intervene. *See Millard County v. Utah State Tax Comm'n*, 823 P.2d 459, 461 (Utah 1991) ("[A]n order denying a motion to intervene is a final disposition of the claims asserted by the applicant for intervention and is appealable."). In contrast, the grant of a motion to intervene is an interlocutory order that is not appealable as a matter of right. *See State v. Bosh*, 2011 UT 60, ¶ 4, 266 P.3d 788 (considering the grant of intervention under rule 24 of the Utah Rules of Civil Procedure as an interlocutory appeal). Berg neither timely sought nor obtained permission to appeal the October 19, 2015 order by filing a petition for permission to appeal from an interlocutory order under rule 5 of the Utah Rules of Appellate Procedure.

¶3     Berg also sought reconsideration of the interlocutory order granting RBMN's motion to intervene in a motion that was styled as a motion to set aside a judgment under rule 60(b) of the Utah Rules of Civil Procedure. The assertion that the district court's denial of the purported rule 60(b) motion was final and appealable lacks merit because the motion itself sought reconsideration of an interlocutory order. *See Timm v. Dewsnup*, 851 P.2d 1178, 1185 (Utah 1993) (allowing a motion to reconsider a nonfinal judgment because it is subject to revision prior to the entry of final judgment). Therefore, denial of the motion to reconsider was also not a final, appealable judgment.[1]

_____

1. In addition to filing this appeal, Berg also simultaneously pursued a motion to dismiss RBMN's complaint in intervention in the district court.

¶4     This appeal is not taken from a final, appealable order because the order Berg seeks to appeal granted intervention in the underlying action to allow RBMN to pursue its claim in the district court based upon a statutory attorney lien. Berg's reliance on *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424 (10th Cir. 1990), for an assertion that the grant of RBMN's motion to intervene is appealable is misplaced. In that case, the Tenth Circuit Court of Appeals stated, "Although most orders granting intervention . . . are interlocutory and not immediately appealable, intervention here was solely for the purposes of seeking modification of the protective order; the underlying controversy had already been concluded." *Id.* at 1426. On that basis, the federal appeals court concluded that an order allowing intervention and a related order modifying the protective order were appealable, "either as final orders or collateral orders." *Id.* (citations omitted). Berg's attempt to characterize the intervention order in this case as occurring after the underlying case was concluded lacks merit. RBMN moved to intervene in the case in September 2015 pursuant to Utah Code section 38-2-7, which allows an attorney to "enforce a lien . . . by moving to intervene in a pending legal action . . . in which the attorney has assisted or performed work." Utah Code Ann. § 38-2-7(4) (LexisNexis 2010). The district court granted the motion to intervene in an October 19, 2015 order, and the judgment entered on October 28, 2015, is not final and is subject to the pending proceedings to resolve the attorney lien issues. Furthermore, to the extent that the *United Nuclear* case was premised on the collateral order doctrine, we note that Utah courts have rejected the applicability in Utah appellate practice of the collateral order doctrine. *See generally Tyler v. Department of Human Servs.*, 874 P.2d 119 (Utah 1994) (per curiam); *In re Southern Am. Ins. Co.*, 930 P.2d 276 (Utah Ct. App. 1996); *Merit Elec. & Instrumentation v. Utah Dep't of Commerce*, 902 P.2d 151 (Utah Ct. App. 1995).

¶5     Berg claims that several Utah cases have reviewed intervention orders as final, appealable orders, but the cited cases do not support that claim. While each involves a claim for attorney fees, none of the cited cases are appeals taken from an

order granting intervention. *Fisher v. Fisher*, 2003 UT App 91, 67 P.3d 1055, was an appeal from a final order allowing an attorney lien to attach to a judgment for past-due child support. This court held that "the trial court had no jurisdiction to enforce [the] attorney lien" where the attorney "did not intervene and, consequently, was not a party to the divorce action." *Id.* ¶ 19; *see also id.* ¶ 3 n.2. Similarly, *Phillips v. Smith*, 768 P.2d 449 (Utah 1989), was also an appeal from a final order enforcing an attorney lien against settlement proceeds where there was no intervention order. *Bay Harbor Farm, LC v. Sumsion*, 2014 UT App 133, 329 P.3d 46, was an appeal from a final appealable order nullifying an attorney lien recorded against real property as a wrongful lien. *McDonald v. McDonald*, 866 P.2d 1253 (Utah Ct. App. 1993), was not an appeal of an intervention order, and this court reversed a final judgment requiring payment of a fee award directly to a nonparty attorney.

¶6    In sum, the order granting RBMN's motion to intervene and the later denial of a motion to reconsider that order are each interlocutory. The underlying case remains pending in the district court on proceedings related to RBMN's assertion of an attorney lien. Because the appeal is not taken from a final appealable order, we lack jurisdiction over the appeal and must dismiss it. *See Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶7    Accordingly, we dismiss the appeal without prejudice to the filing of a timely appeal after the entry of a final, appealable order or judgment. We do not consider the cross-motion for summary reversal because we lack jurisdiction to do so. We deny RBMN's request for an award of attorney fees and costs pursuant to rule 33 of the Utah Rules of Appellate Procedure. Our denial is without prejudice to the power of the district court to enter an award of attorney fees in the pending case on any appropriate basis.

_____