2006 UT App 35

**William BEACHAM and Allison Beacham, Plaintiffs and Appellees,**

v.

**FRITZI REALTY CORPORATION; Fritzi California Corporation dba Fritzi of Utah; Fritzi California, Inc.; and John Does 1 through 5, Defendants.**

**Liberty Mutual Insurance Company, Intervenor and Appellant.**

No. 20050147–CA.

Court of Appeals of Utah.

Feb. 9, 2006.

Kyle W. Jones, Salt Lake City, for Appellant.

David R. Olsen and Paul M. Simmons, Dewsnup King & Olsen, Salt Lake City, for Appellees.

Before Judges GREENWOOD, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶1 Liberty Mutual Insurance Company (Liberty Mutual) appeals the trial court's order denying its motion to intervene. We affirm.

## BACKGROUND

¶2 William Beacham was injured while unloading a safe for his employer, Liberty Safe and Security Products, Inc. (Liberty Safe), at a warehouse property owned by Fritzi Realty Corporation (Fritzi). Beacham and his wife brought a suit against Fritzi, who in turn filed a third-party complaint against Liberty Safe.

¶3 In the meantime, Liberty Safe's workers' compensation carrier, Liberty Mutual, made payments to Beacham amounting to approximately $308,424.00. After the Beachams had initiated their suit against Fritzi, Liberty Mutual filed a motion to intervene in the suit under rule 24 of the Utah Rules of Civil Procedure to recover the funds it had paid to Beacham. Although the Beachams' attorney asked Liberty Mutual to withdraw the motion, neither party formally opposed the motion. No further action was taken on the motion, and Liberty Mutual continued to take part in the proceedings, including par-

ticipation in three unsuccessful mediations with the named parties.

¶ 4 On November 1, 2004, Liberty Mutual filed notice to submit its motion to intervene, and after a hearing, the trial court denied the motion. The court first determined that Liberty Mutual could not intervene as of right under rule 24(a) of the Utah Rules of Civil Procedure because (1) no statute granted Liberty Mutual an unconditional right to intervene; (2) Liberty Mutual's interest in the Beachams' recovery would be adequately protected because the interests of the Beachams were aligned with Liberty Mutual's and Liberty Mutual had statutory priority to the Beachams' recovery under Utah Code section 34A–2–106(5), *see* Utah Code Ann. § 34A–2–106(5) (2001); and (3) Liberty Mutual could have brought its own suit against Fritzi under Utah Code section 34A–2–106(2), *see id.* § 34A–2–106(2), but chose not to. The trial court also determined that permissive intervention under rule 24(b) was also inappropriate because no statute granted Liberty Mutual a conditional right to intervene and because Liberty Mutual's motion to intervene was untimely.

¶ 5 Liberty Mutual filed this appeal. In the interim, the Beachams and Fritzi reached a settlement by which the Beachams dismissed their claim against Fritzi. In their briefs, both parties inform us that $308,424.00, the amount already paid by Liberty Mutual, was set aside from the settlement and that Liberty Mutual has filed a claim to the funds. At oral argument, counsel for the Beachams asserted that the funds represented sums paid to satisfy only the claim of William Beacham. Liberty Mutual's claim to the settlement funds is still awaiting resolution before the trial court.

## ISSUE AND STANDARD OF REVIEW

¶ 6 On appeal Liberty Mutual claims that it should have been allowed to intervene as of right in the Beacham suit under rule 24(a) of

the Utah Rules of Civil Procedure. We review the trial court's denial of Liberty Mutual's motion de novo. *See In re Marriage of Gonzalez*, 2000 UT 28,¶ 16, 1 P.3d 1074.[1]

## ANALYSIS

■ ¶ 7 Liberty Mutual claims the trial court should have allowed it to intervene as of right in the Beacham suit because it has a substantial stake in the outcome. Under rule 24(a) of the Utah Rules of Civil Procedure, intervention as of right must be granted when either (1) "a statute confers an unconditional right to intervene" or (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action." Utah R. Civ. P. 24(a). Liberty Mutual does not appear to base its appeal on the first of these alternatives, nor could it. While Utah Code section 34A–2–106 allows for both an insurance carrier and an injured employee to bring their own claims against a third-party tortfeasor, it does not grant an unconditional right to the insurance carrier to intervene in the injured employee's suit. *See* Utah Code Ann. § 34A–2–106(1)–(2). Absent such a statutory grant, Liberty Mutual may intervene as of right only under the second alternative, which requires it to establish that: (1) its application to intervene was timely, (2) it has "an interest relating to the property or transaction which is the subject of the action," (3) it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest," and (4) its interest is not "adequately represented by existing parties." Utah R. Civ. P. 24(a).

■ ¶ 8 Here, the parties dispute the fourth factor—whether Liberty Mutual's interest was adequately represented by the Beachams. Utah cases have not yet defined who bears the burden of proving inadequate representation, and accordingly, we look to the federal cases interpreting the identical

---

1. Liberty Mutual also claims that the trial court denied it due process under the Utah Constitution by refusing to permit intervention. Liberty Mutual concedes that it did not raise this constitutional issue before the trial court, and as such, we may only review the trial court's decision for plain error. However, because Liberty Mutual addresses the question of plain error for the first time in its reply brief on appeal, we decline to review the issue. *See State v. Weaver*, 2005 UT 49,¶ 19, 122 P.3d 566 (refusing to address issue of plain error when raised for the first time in appellant's reply brief); *Coleman v. Stevens*, 2000 UT 98,¶ 9, 17 P.3d 1122.

federal rule for guidance. *See LeVanger v. Highland Estates Props. Owners Assoc., Inc.*, 2003 UT App 377,¶ 12, 80 P.3d 569. Federal courts generally agree that the burden of proof is on the applicant. *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1157–58 (8th Cir.1995) ("[T]he intervenor bears the burden of showing inadequate representation by existing parties under [r]ule 24(a)(2)."); *Natural Res. Def. Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir.1978) ("[T]he burden continues to be on the petitioner or movant in intervention to show that the representation by parties may be inadequate."). However, this burden is a minimal one, requiring the intervenor to show only some evidence that the existing parties may not adequately represent its interests. *See Utahns for Better Transp. v. United States Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir.2002) ("The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." (quotations and citations omitted)).

¶ 9 An applicant may meet this burden by presenting evidence that, for example, the representative party has an interest adverse to the applicant, has colluded with the opposing party, or is otherwise unable to diligently represent the applicant's interest. *See, e.g., San Juan County v. United States*, 420 F.3d 1197, 1211–12 (10th Cir.2005); *Lima v. Chambers*, 657 P.2d 279, 283 (Utah 1982) (determining that pro se defendant would not provide adequate representation of intervenor's interests). Regardless of the reason necessitating intervention, a "prospective intervenor[ ] . . . must give specific reasons why an existing party's representation is not adequate." *San Juan County*, 420 F.3d at 1212. Further, when the interest of one of the parties and the interest of the applicant are identical, there arises a presumption of adequacy, *see* 6 James Wm. Moore et al., Moore's Federal Practice § 24.03[4][a][ii] (3d ed.2005), which may be rebutted upon " 'a concrete showing of circumstances . . . that make [the existing party's] representation inadequate.' " *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*,

79 F.3d 1038, 1043 (10th Cir.1996) (alterations in original) (citation omitted).

¶ 10 The present case requires us to determine whether Liberty Mutual has met its minimal burden of presenting evidence showing that the Beachams may not adequately represent Liberty Mutual's interest in this case. It appears, at least superficially, that Liberty Mutual's interest is generally aligned with that of the Beachams because both seek to maximize the compensation paid from Fritzi. And indeed, the settlement reached by the Beachams and Fritzi set aside $308,424.00, an amount which would compensate Liberty Mutual for its payments already made to Mr. Beacham. Thus, to prevail on appeal, Liberty Mutual must provide some evidence, in the form of specific reasons or a concrete showing of circumstances, to indicate why the Beachams' representation would be inadequate or how it was in fact inadequate in settling with Fritzi for an amount exceeding $308,424.00, the most that Liberty Mutual can hope to recover.

¶ 11 Liberty Mutual addresses the adequacy of the Beachams' representation in its opening brief, but makes only conclusory assertions. In various parts of its brief it claims the following:

> [The Beachams'] and [Liberty Mutual's] interests became increasingly divergence [sic] as this matter progressed. [Liberty Mutual's] interest was not being represented by anyone.
>
> . . . [Liberty Mutual] . . . was unable and still is unable to have its interests protected, and [Liberty Mutual's] interest is seriously impaired or compromised by the actions of the other parties. [Liberty Mutual] should be allowed to intervene as a matter of right.
>
> . . . .
>
> . . . The [Beachams] settled this matter[,] which clearly impairs and impedes the interest of [Liberty Mutual] to properly and efficiently protect its interests.

Although each of these assertions claim there was a divergence of interest between Liberty Mutual and the Beachams, these statements

fail to describe the nature of such a divergence or offer evidence of its existence.[2]

¶ 12 Liberty Mutual's reply brief is equally inapposite. There, Liberty Mutual again claims that "[i]ts interest was not being adequately protected by any existing parties" because there "is a divergence of interest in the amount of the recovery and its distribution and what or who's [sic] interests were being protected at the trial court." Although Liberty Mutual does mention that the parties failed to reach a settlement after three separate three-party mediation sessions involving Fritzi, it leaves us to speculate about how the Beachams' interest would diverge from Liberty Mutual's in their action against Fritzi. The brief goes on to assert that Liberty Mutual met its burden "by showing its interest in the lawsuit and that it was not 'adequately represented by existing parties,' " but still without offering supporting details.[3]

## CONCLUSION

¶ 13 Because Liberty Mutual has provided us with only conclusory assertions regarding the Beachams' ability to adequately represent its interest against Fritzi and because we decline to surmise the reasons why their interests might differ, we must conclude that Liberty Mutual has not met its burden of proof. Accordingly, we affirm the trial court's order denying Liberty Mutual's motion to intervene as a matter of right.

2. In its original motion to intervene filed in the trial court, Liberty Mutual attached a letter in which Fritzi's counsel states that "It was not clear to me ... whether Mr. David Olsen is representing Liberty Mutual in its subrogation interests. If he is, it appears to be a rather significant conflict of interest." Liberty Mutual apparently offered this as proof of a divergent interest between itself and the Beachams. However, aside from its conclusory statement, the letter fails to indicate why Fritzi's attorney understood there was a conflict of interest or the nature of such a conflict. Moreover, Liberty Mutual has not made use of the letter on appeal and has not explained its contents. Because the letter does nothing to define or prove the alleged conflict of interest between the Beachams and Liberty Mutual, we disregard it as evidence.

3. Although apparently directed more to the question of impairment, Liberty Mutual also describes its right to share in the Beachams' recovery under Utah Code section 34A-2-106, see Utah Code Ann § 34A-2-106(5) (2001), and

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and GREGORY K. ORME, Judge.

claims that if it is not permitted to intervene, "its rights to its share of the funds could be lost" because

> [Liberty Mutual] does not know: (1) does the determination of fault of the parties apply in the case of this settlement [?]; (2) does the court need to determine the apportionment of fault of the 'employer, officer, agent or employee' in relation to the third party [?]; (3) what [are] the percentages of fault [?]; (4) the reasonableness of the expenses and attorney[ ] fees; and (5) the share, if any, of Mrs. Beacham in the settlement.

These questions, however, do not state with any degree of specificity why the Beachams have not adequately represented Liberty Mutual's interest against Fritzi. As we have said, counsel for the Beachams advised us that the portion of the settlement fund set aside pending resolution of Liberty Mutual's claim does not include any sums due Mrs. Beacham and that the other concerns may be addressed in proceedings on Liberty Mutual's claim.