2011 UT App 230

SKYPARK AIRPORT ASSOCIATION, LLC; J.R. Property Management, LLC; SLR, LLC; Taylor Air, LLC; Tim Corbitt; and Cindy Corbitt, Plaintiffs and Appellee,

v.

Jay JENSEN; Elinor Jensen; Gas Busters; Andy Wallace; Layne Barnes; Jim Roach; Charles Ward; Peter Stevens; Skypark, LLC; Larry Clark; and Peter Q. Lawson, Defendants,

v.

Dynasty Corporation, Petitioner in Intervention and Appellant.

No. 20100273–CA.

Court of Appeals of Utah.

July 14, 2011.

Jerrald D. Conder, Salt Lake City, for Appellant.

Jeffrey L. Silvestrini, Bradley M. Strassberg, and Edward T. Vasquez, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 Dynasty Corporation (Dynasty) appeals from the trial court's denial of its motion to intervene in a suit between Skypark Airport Association, LLC (Skypark) and defendants

Jay Jensen, Elinor Jensen, and Gas Busters (collectively, Gas Busters). We affirm.

¶ 2 Dynasty argues that the trial court erred in denying its motion to intervene, asserting that the trial court misinterpreted and misapplied rule 24 of the Utah Rules of Civil Procedure.[1] "Mandatory intervention under rule 24(a) . . . turns on a legal determination, which we review de novo." *Taylor–West Weber Water Improvement Dist. v. Olds*, 2009 UT 86, ¶ 3, 224 P.3d 709. However, "[w]e do not disturb the district court's factual findings unless they are clearly erroneous." *Id.* In order to intervene in a case as a matter of right, the party desiring to intervene must establish that

> (1) its application to intervene was timely, (2) it has "an interest relating to the property or transaction which is the subject of the action," (3) it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest," and (4) its interest is not "adequately represented by existing parties."

*Beacham v. Fritzi Realty Corp.*, 2006 UT App 35, ¶ 7, 131 P.3d 271 (alteration in original) (quoting Utah R. Civ. P. 24(a)). The trial court in this case denied Dynasty's motion to intervene on two independent grounds: First, the trial court ruled that the motion was untimely because it was filed after the jury verdict. Second, the trial court found that there were "no interests of Dynasty's that were not adequately protected."

¶ 3 "Generally, . . . intervention is not to be permitted after entry of judgment.[2] The courts are reluctant to make exceptions to the general rule and do so only upon a strong showing of entitlement and justification, or such unusual or compelling circumstances as will justify the failure to seek intervention earlier." *Jenner v. Real Estate Servs.*, 659 P.2d 1072, 1074 (Utah 1983) (footnotes omitted); *accord Parduhn v. Bennett*, 2005 UT 22, ¶ 15, 112 P.3d 495. Such a showing should address " 'prior notice of the lawsuit and circumstances contributing to the delay in making the motion,' " and include " 'a showing of substantial prejudice if permission to intervene is denied.' " *Jenner*, 659 P.2d at 1074 (quoting *Rains v. Lewis*, 20 Wash.App. 117, 579 P.2d 980, 985 (1978)). Postjudgment intervention must be so limited due to its "tendency . . . to prejudice the rights of existing parties and the undue interference it has upon the orderly processes of the court." *Id.*

¶ 4 Dynasty has failed to make a sufficient showing that it is entitled to the unusual remedy of postjudgment intervention. Dynasty's director asserted in a declaration that "Dynasty Corporation was never given legal [n]otice of this action and was not aware of this action until sometime after the jury trial had been conducted." However, the record indicates that the case has been ongoing since 2002 and has involved extensive hearings, depositions, and discovery during that time; that it has "been discussed in at least two annual meetings of [the] Skypark Land Owners Association," of which Dynasty is a member; and that in 2008, Skypark assessed

---

**1.** Dynasty also challenges the trial court's failure to join it as a necessary party under either rule 19 of the Utah Rules of Civil Procedure, which discusses joinder of necessary parties, *see* Utah R. Civ. P. 19, or Utah Code section 78B–6–403, which discusses joinder of interested parties in the context of an action for declaratory relief, *see* Utah Code Ann. § 78B–6–403 (2008). However, as a nonparty to the suit, Dynasty lacks standing to bring a motion under either of these provisions. *See Ostler v. Buhler*, 989 P.2d 1073, 1076 (Utah 1999) ("[A]bsent waiver by the parties, non-parties must adhere to the procedural requirements of Rule 24(c) in order to intervene in an action."); *Butler v. Wilkinson*, 740 P.2d 1244, 1263 (Utah 1987) ("A court may not grant relief to a nonparty."). We do note, however, that the failure of existing parties to join necessary parties under rule 19 or section 78B–6–403 may

affect the future applicability of the judgment with respect to parties not joined. *See, e.g.,* Utah Code Ann. § 78B–6–403 ("[A] declaration may not prejudice the rights of persons not parties to the proceeding."); *Ruffinengo v. Miller*, 579 P.2d 342, 343–44 (Utah 1978) (holding that a defendant who failed to join additional plaintiffs under rule 19 could not later avoid having the same issues relitigated by those who were not parties to the previous suit, stating that "[c]ollateral estoppel is not a defense as against a litigant who was not a party to the action and judgment claimed to have created an estoppel").

**2.** Dynasty's motion was filed after the verdict but before the judgment was entered. The trial court denied the motion postjudgment.

legal fees against the various landowners in connection with the lawsuit. The trial court stated that during the preceding three years, "at least 15 or 20 members, either parties to the lawsuit or those who occupied property at Skypark" had been present at each hearing. Considering this information, the trial court asserted, "I find it very hard to believe that there are any owners at Skypark that are not aware of this ongoing litigation."[3] Ultimately, the trial court ruled that Dynasty's motion to intervene was untimely "[b]ased upon the [trial c]ourt's findings that Dynasty's Motion was filed after the Jury Verdict was issued in this matter in June 2009, and after many hearings and motions and rulings of the [trial c]ourt in this matter." The Dynasty director's declaration, which relies on the absence of "legal" notice as opposed to actual notice, does not demonstrate "unusual or compelling circumstances" sufficient to justify Dynasty's postjudgment intervention, see id., particularly in light of the other evidence that Dynasty had at least constructive notice of the litigation long before the judgment was entered in June 2009.

¶ 5 We now turn to the other basis for the trial court's decision, namely, that Dynasty's various asserted interests were either adequately represented by Gas Busters or unaffected by the proceedings in this case. Dynasty asserts that its interest in having the restrictive covenants declared unenforceable was not adequately represented by Gas Busters because Gas Busters' interest was limited to its desire to sell fuel in the Skypark Industrial Park, whereas Dynasty had a broader interest in preserving the value and marketability of its property. However, this merely demonstrates that Dynasty and Gas Busters have different *motives* for litigating, not that they have different *interests*. *Cf., e.g., Curry v. Regents of the Univ. of Minn.,* 167 F.3d 420, 423 (8th Cir.1999) (holding that movants' assertion of different motives did not meet their burden of demonstrating divergent interests); *Natural Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation,* 834 F.2d 60, 61–62 (2d Cir. 1987) ("A putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party."). Ultimately their interests are the same—to have the restrictive covenants declared unenforceable. "[W]hen the interest of one of the parties and the interest of the applicant are identical, there arises a presumption of adequacy, which may be rebutted upon a concrete showing of circumstances ... that make [the existing party's] representation inadequate." *Beacham,* 2006 UT App 35, ¶ 9, 131 P.3d 271 (omission and second alteration in original) (citation and internal quotation marks omitted). As Dynasty has made no argument to rebut this presumption, we hold that Gas Busters adequately represented Dynasty's interest in the claim regarding the enforceability of the restrictive covenants.

¶ 6 Dynasty's only other argument supporting its assertion that Gas Busters' representation was inadequate is that Dynasty wanted to pursue additional causes of action. Specifically, Dynasty asserts that it would have made the alternative argument that the restrictive covenants should be uniformly enforced and that it would have challenged various assessments made by Skypark against Dynasty and the other property owners. However, as these additional causes of action were neither raised nor adjudicated below, Dynasty is not "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest" in those claims. *See* Utah R. Civ. P. 24(a). In fact, these claims were raised in a separate lawsuit filed by Dynasty in 2009, and Dynasty has articulated no reason why those issues may not be fully litigated in that forum, unimpeded by the jury's verdict in this case. *See generally Conder v.*

---

3. Dynasty argues that we should overturn the trial court's ruling on the timeliness issue on the ground that the trial court failed to specifically find that Dynasty had notice of the litigation. However, it is apparent from the record that the trial court considered Dynasty's notice argument and did not consider it sufficiently compelling to justify postjudgment intervention. Furthermore, Dynasty failed to show any likelihood of "substantial prejudice if permission to intervene is denied." *See Jenner v. Real Estate Servs.,* 659 P.2d 1072, 1074 (Utah 1983) (internal quotation marks omitted).

*Hunt,* 2000 UT App 105, ¶¶ 9–12, 1 P.3d 558 (discussing the ability of a party to independently pursue its claims following a failed motion to intervene).[4]

¶ 7 We agree with the trial court that Dynasty's postjudgment motion to intervene was untimely and that "there are no interests of Dynasty's [in this litigation] that were not adequately protected." We therefore affirm the trial court's denial of Dynasty's motion to intervene.

¶ 8 WE CONCUR: GREGORY K. ORME and STEPHEN L. ROTH, Judges.

---

**4.** Dynasty expresses concern regarding the trial court's statement, made at the hearing on the motion to intervene, that it is necessary for a party attempting to intervene to demonstrate "that they may be bound by [a] judgment in the action." This statement reflects an earlier version of rule 24, which was no longer in effect at the time of the proceedings below. *Compare* Utah R. Civ. P. 24(a) (1986) (requiring a party to show that it "is or may be bound by a judgment in the action" in order to intervene), *with id.* (2011) (requiring a party to show that "the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest" in order to intervene). *See generally Chatterton v. Walker,* 938 P.2d 255, 258 (Utah 1997) (observing that the post–1987 version of rule 24 "mandates intervention on even more liberal terms than" the pre–1987 version). Dynasty asserts that the trial court's erroneous statement of the law "demonstrates the possibility and likelihood" that the trial court employed the wrong standard in ruling on the motion to intervene. However, the trial court did not employ this standard in its written order on the motion to intervene and, in fact, specifically employed the standard of the current version of rule 24, finding that "there are no interests of Dynasty's that were not adequately protected in this matter." Given that the trial court specifically employed the correct standard in its written order, we are unconvinced that this single isolated statement made at the hearing indicates that the trial court employed an erroneous legal standard. Furthermore, because the trial court's denial of the motion to intervene was alternatively justified by its conclusion that the motion was untimely, any error that might be evidenced by the trial court's statement is harmless.