**2013 UT App 125**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
PATRICK ROBERT NACEY,
Defendant and Appellant.

Per Curiam Decision
No. 20110622-CA
Filed May 16, 2013

Third District, Salt Lake Department
The Honorable Robert P. Faust
No. 091909703

Peter A. Daines and Scott A. Wilson, Attorneys for
Appellant
John E. Swallow and Brett J. DelPorto, Attorneys
for Appellee

Before JUDGES ORME, MCHUGH, and ROTH.

PER CURIAM:

¶1     Patrick Robert Nacey appeals his conviction of attempted rape. He argues that there was insufficient evidence to support the conviction. We affirm.

¶2     "[A]s a general rule, a defendant must raise the sufficiency of the evidence by proper motion or objection to preserve the issue for appeal." *State v. Holgate*, 2000 UT 74, ¶ 16, 10 P.3d 346. Nacey argues that he preserved his sufficiency of the evidence claim through motions for a directed verdict, which he made both at the close of the State's case-in-chief and before the case was submitted to the jury. However, the record demonstrates that Nacey's motions for a directed verdict only raised the issue concerning

whether there was sufficient evidence to support the rape charge, i.e., whether there was evidence of penetration. Nacey's argument on appeal is that there was insufficient evidence to support the conviction of attempted rape because the victim's testimony was too unreliable to establish attempted rape beyond a reasonable doubt. Nacey's motions to the district court were insufficient to preserve the issue he now raises on appeal. *See State v. Maese*, 2010 UT App 106, ¶ 13, 236 P.3d 155 ("[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (citation and internal quotation marks omitted)). Accordingly, in order to prevail, Nacey must show that the district court committed plain error.[1] *See Holgate*, 2000 UT 74, ¶ 11.

¶3     A "trial court plainly errs if it submits the case to the jury and thus fails to discharge a defendant when the insufficiency of the evidence is apparent to the court." *Id.* ¶ 17. "[T]o establish plain error, a defendant must demonstrate first that the evidence was insufficient to support a conviction of the crime charged and second that the insufficiency was so obvious and fundamental that the trial court erred in submitting the case to the jury." *Id.* When the sufficiency of the evidence is challenged, an appellate court reviews "the evidence and all inferences drawn therefrom in a light most favorable to the verdict." *Id.* ¶ 18.

¶4     Nacey maintains that the victim's testimony was so unreliable that the district court plainly erred in submitting the case to the jury. When reviewing the sufficiency of the evidence, appellate courts "may not reassess credibility or reweigh the evidence, but must resolve conflicts in the evidence in favor of the jury verdict." *State v. Workman*, 852 P.2d 981, 984 (Utah 1993). However, we may reverse a jury's decision when the evidence "is sufficiently inconclusive or inherently improbable that reasonable

---

1. Nacey does not argue that "exceptional circumstances" justify this court's review of the unpreserved issue.

minds must have entertained a reasonable doubt." *State v. Mead*, 2001 UT 58, ¶ 65, 27 P.3d 1115. That said, inherent improbability does "not allow defendants to challenge witness testimony for generalized concerns about a witness's credibility." *State v. Robbins*, 2009 UT 23, ¶ 19, 210 P.3d 288. Rather, a witness's testimony is inherently improbable if "its falsity is apparent, without any resort to inferences or deductions." *Id.* ¶ 17 (citation and internal quotation marks omitted).

¶5     Nacey fails to demonstrate that the district court committed plain error in submitting the case to the jury. Nacey's challenge to the victim's testimony is based on generalized concerns about her credibility. Specifically, he characterizes her as a "schizophrenic liar" and cites the testimony of several witnesses who called into question the victim's reputation for truthfulness. However, the victim's testimony was corroborated by both her husband and circumstantial physical evidence. Accordingly, because additional evidence supported the victim's testimony, we cannot say that the falsity of the victim's testimony was inherent without resort to inferences or deductions. *See id.* Therefore, the determination of credibility was properly left to the jury for its consideration.

¶6     Affirmed.

----