*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2019 UT 17**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

BELL CANYON ACRES HOMEOWNERS ASSOCIATION,[1]
*Appellants,*

*v.*

MICHAEL SEAN MCLELLAND,[2]
*Appellees.*

No. 20180072
Filed May 21, 2019

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Gary D. Stott
No. 160907281

Attorneys:

Gregory S. Moesinger, Salt Lake City, for appellants

Dale B. Kimsey, Salt Lake City, for appellees

JUSTICE HIMONAS authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

JUSTICE HIMONAS, opinion of the Court:

---

[1] CRAIG F. MCCULLOUGH, PATRICIA A. MCCULLOUGH, ZACHARY E. FRANKEL, WENDY E. FISHER, BARRY SEYMOUR STOUT, and BONNIE F. STOUT are also parties to this appeal.

[2] KERRY D. MCLELLAND, MICHAEL SEAN AND KERRY DEE MCLELLAND TRUST, CHRIS CARL WOHLHUETER, VERONICA MARIE WOHLHUETER, JEFFREY E. STOPPENHAGEN, and MICHAEL NORDHOFF are also parties to this appeal.

**INTRODUCTION**

¶1    Good fences, it appears, stop making good neighbors right about where they start to encroach on bridle paths.[3] In this case we are asked to decide whether the Utah Declaratory Judgment Act requires neighbors objecting to such fences to sue all homeowners whose property is subject to the bridle path easement or just those homeowners who have fences (or other improvements) that are alleged to infringe on the path. The district court thought the Act required joinder of all homeowners and therefore declined to enter summary judgment for appellants. We hold, however, that no such joinder is required and reverse and remand this matter to the district court for proceedings consistent with this opinion.

**BACKGROUND**

¶2    Bell Canyon Acres Community is a unique residential neighborhood that is zoned for housing large animals and has historically been used for the housing and enjoyment of horses. Located throughout Bell Canyon Acres is a network of riding easements and rights-of-way that are dedicated as bridle paths for the use of residents. These bridle path easements originate in a series of restrictive covenants that apply to the lots in Bell Canyon Acres. The size and location of the bridle paths are reflected in a series of recorded plat maps.

¶3    Appellants brought suit alleging that appellees—four of the approximately one hundred homeowners in Bell Canyon Acres—have intruded upon the bridle path, thereby violating the restrictive covenants. Appellants sought a declaratory judgment determining the parties' rights in the bridle paths, determining the enforceability of the restrictive covenants, and declaring that appellees are encroaching on the bridle paths in violation of the restrictive covenants. Appellees filed a motion to dismiss and appellants later filed a motion for summary judgment. The district court denied both motions. At issue in this case is the denial of appellants' motion for summary judgment.

¶4    The district court ruled that it could, as a matter of law, determine that the restrictive covenant establishes a fifty-foot wide bridle path easement over the appellees' lots. The district court also

---

[3] For the less equestrian minded, a bridle path is "a trail suitable for horseback riding." *Bridle path*, WEBSTER'S NEW COLLEGIATE DICTIONARY 138 (1973).

determined that a limitation period set forth in the restrictive covenants did not preclude appellants' enforcement of the bridle path easement. But the district court denied summary judgment because appellants did not join all homeowners in the community whose property is subject to the restrictive covenants and the bridle path easement (collectively, the outsiders). Drawing on the Utah Declaratory Judgment Act, which provides that "[w]hen declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and a declaration may not prejudice the rights of persons not parties to the proceeding," UTAH CODE § 78B-6-403(1), the district court reasoned that a declaration determining the scope of the bridle path easement would also establish the scope of the easement for the outsiders. In the district court's estimation, then, the outsiders have interests that would be affected by the declaration appellants seek. Accordingly, the district court denied appellants' motion for summary judgment.

¶5   Appellants filed this interlocutory appeal, asking us to overturn the district court's ruling that section 403 of the Utah Declaratory Judgment Act mandates joinder of the outsiders before appellants can proceed with their action for declaratory relief. Specifically, appellants ask us to determine whether section 403 requires the outsiders—whose lots are subject to the restrictive covenants and the bridle path easement—to be joined in appellants' declaratory action seeking the interpretation and enforcement of the restrictive covenants and easement as against appellees.[4]

¶6   We exercise jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

**STANDARD OF REVIEW**

¶7   "A district court's interpretation of a statute is a question of law, which we . . . review for correctness." *Bryner v. Cardon Outreach, LLC*, 2018 UT 52, ¶ 7, 428 P.3d 1096 (alteration in original) (citation omitted) (internal quotation marks omitted).

---

[4] Both parties also spend considerable portions of their briefs making arguments regarding the enforceability and scope of the restrictive covenants. But we granted this interlocutory appeal only on the question of whether section 403 mandates joinder of the outsiders. Accordingly, we do not address any of the parties' arguments regarding the enforceability and scope of the restrictive covenants.

**ANALYSIS**

¶8 Appellants ask us to determine whether, pursuant to section 403 of the Utah Declaratory Judgment Act, the outsiders must be joined in this action before appellants can proceed with their claim for declaratory relief. We hold that they do not. The outsiders have no legal interests that could be affected by the declaration appellants seek here and therefore section 403 presents no impediment to the declaratory relief appellants seek. This holding dispositively resolves the issue before us on interlocutory appeal.

¶9 However, because the district court's interpretation of section 403 raises some constitutional concerns, we also take this opportunity to briefly acknowledge and address these concerns.

I. SECTION 403 DOES NOT MANDATE JOINDER OF THE OUTSIDERS IN THIS ACTION

¶10 Section 403 of the Utah Declaratory Judgment Act provides that "[w]hen declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and a declaration may not prejudice the rights of persons not parties to the proceeding." UTAH CODE § 78B-6-403(1). The district court held that the outsiders have interests that would be affected by a declaration here because "the determination of the size of the Bridle Path easement on [appellees'] Property will establish the width thereof not just for [appellees], but for all homeowners whose property is traversed thereby." Not so.

¶11 Below, appellants sought a declaratory judgment "in favor of [appellants], and against [appellees], including that the Restrictive Covenants are enforceable, that [appellants] have rights, title, and interest in the Bridle Paths, and that [appellees] are violating, trespassing, and encroaching the same, and thereby, damaging [appellants]." Nowhere in their complaint do appellants ask the court to determine or adjudicate the rights or interests of persons that are not parties to this proceeding. In other words, appellants seek a declaration affecting only their own legal interests and the legal interests of the named appellees.

¶12 Additionally, it is a "core principle of due process" that "outsiders not joined in a proceeding (and not in privity with someone who was joined)" must be able to have their day in court. *Krejci v. City of Saratoga Springs*, 2013 UT 74, ¶ 16, 322 P.3d 662 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S 313, 329 (1971)). As a result, "if an outsider is not joined in an action, it is not

bound by the judgment and not precluded from filing a separate proceeding to resolve the same or similar issues." *Id.* ¶ 15.

¶13 There are therefore at least two impediments that preclude holding that the outsiders have an interest that will be affected by a declaration in this case. First, appellants have not sought a declaration that purports to affect the interests of any outsider. Rather, appellants seek a declaration that establishes rights only as to appellants and appellees. And second, even if appellants sought a declaration purporting to affect the legal interests of the outsiders, that declaration would have no legal effect on the outsiders unless they were joined in the action or were privies to a party joined in the action—neither of which is satisfied here.[5]

---

[5] The outsiders cannot be considered privies of any party joined in this action simply by virtue of also owning property subject to the same restrictive covenants. "The legal definition of a person in privity with another, is a person so identified in interest with another that he represents the same legal right." *Searle Bros. v. Searle*, 588 P.2d 689, 691 (Utah 1978). Examples of parties that have been found to be in privity with one another—and therefore potentially subject to claim and issue preclusion in a subsequent case—are "officers or owners of a closely held corporation, partners, co-conspirators, agents, alter egos or other parties with similar legal interests." *Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, ¶ 20, 37 P.3d 1121 (surveying cases in which parties were considered privies). It is not enough that the outsiders and the named parties here are both parties to a contract—in this case, the restrictive covenants. The individual property rights held by the outsiders are separate and distinct from the individual property rights held by the named parties. So the parties cannot be said to have rights so similar such that the named parties represent the *same* legal rights as the outsiders. Consequently, any of the outsiders' rights under the restrictive covenants may only be determined—and therefore their legal interests may only be affected—in an action in which they are joined as parties.

Additionally, it could be argued that section 403 eliminates claim and issue preclusion with respect to declaratory judgments involving privies. As the second half of subsection 403(1) provides, "a declaration may not prejudice the rights of persons not parties to the proceeding." UTAH CODE § 78B-6-403(1). One reading of this language is that a declaration may not prejudice any person that is not party to a proceeding—*i.e.* not joined as a party—even if that

(continued . . .)

¶14 Because the outsiders not joined in this lawsuit—but whose lots are also subject to the restrictive covenants—have no legal interest that would be affected by the declaration appellants seek here, section 403 provides no barrier to the declaratory relief appellants seek.[6]

## II. SECTION 403 CANNOT PRESCRIBE RULES FOR JOINDER OR INTERVENTION

¶15 Our determination that the outsiders have no legal interest that would be affected by the declaration the appellants seek here is dispositive. But we would also like to address another problem with the district court's interpretation of section 403 that raises a concern about the operation of section 403. Specifically, if section 403 were interpreted to somehow mandate and provide the procedure for joinder or intervention of parties, that would raise serious concerns about the constitutionality of section 403.

¶16 The Utah Constitution vests this court with the power and obligation to "adopt rules of procedure and evidence to be used in the courts of the state." UTAH CONST. art. VIII, § 4. Pursuant to this constitutional grant of authority, we have established rules of civil procedure that address joinder of parties, UTAH R. CIV. P. 19, and intervention by outside parties, UTAH R. CIV. P. 24.

¶17 This grant of rulemaking authority is not limitless. Article VIII, section 4 also provides that "[t]he Legislature may

---

person is in privity with a named party. This issue, however, is not before us and we need not pass on this question.

[6] This conclusion also makes sense in practice. Take, for instance, a planned community that contains hundreds—or even thousands—of individual lots, all of which are subject to the same restrictive covenant dictating the type of structures that can be built in the community. If a single landowner chooses to build an unapproved structure in violation of the restrictive covenant, it cannot be the case that every person who resides in the community must be joined in the action. To require that kind of joinder would exponentially increase the cost of any litigation involving a restrictive covenant, likely to the point that the restrictive covenants would become effectively unenforceable given the immense costs associated with enforcing them. Such a regime would frustrate the very purpose of restrictive covenants, would result in huge amounts of unnecessary litigation, and would, unlike good fences, make poor neighbors.

amend the Rules of Procedure and Evidence adopted by the Supreme Court upon a vote of two-thirds of all members of both houses of the Legislature." But any such amendment "need[s] to contain a reference to the rule to be amended and a clear expression of the Legislature's intent to modify our rules." *Brown v. Cox*, 2017 UT 3, ¶ 20, 387 P.3d 1040.

¶18 Neither section 403 nor any other section of the Act contains a reference to rule 19 or rule 24, much less "a clear expression of the Legislature's intent to modify" those rules. *Id.* Because nothing in the Act purports to modify our rules for joinder and intervention, those rules govern. Therefore, even if the outsiders had a legal interest that would be affected by the declaration appellants seek, joinder of or intervention by the outsiders would be dictated by rule 19 and rule 24, not by section 403. To interpret and understand the operation of section 403 otherwise would be to intrude on our own rulemaking authority and would present a serious concern about section 403's constitutionality.[7]

¶19 Because we are able to resolve this case without ruling on whether section 403 mandates the joinder or intervention of certain parties, and because the parties did not brief these constitutional questions, we leave them for another day.

**CONCLUSION**

¶20 Section 403 provides no impediment to the declaratory judgment appellants seek here. Because the outsiders have no legal interest that would be affected by a declaration in this case, they do

---

[7] This is true at least with respect to the first half of subsection 403(1), which provides that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." It is less apparent that there is any problem with the second half of subsection 403(1), which provides that "a declaration may not prejudice the rights of persons not parties to the proceeding." As alluded to above, *see supra* ¶ 13 n.5, section 403 could be read to eliminate claim and issue preclusion with respect to declaratory judgments affecting privies. But claim and issue preclusion are not creatures of our rules of civil procedure and evidence. Instead, they are creatures of the common law. And it is well within the legislature's power to preempt or displace the common law. *See In re Estate of Hannifin*, 2013 UT 46, ¶ 10, 311 P.3d 1016.

not need to be joined as parties. We reverse and remand to the district court for a ruling consistent with this opinion.